UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIGRAN THEO NERSESYAN, | Case No.  CV 25-8687 PA (MARx) |
| Plaintiff, | STANDING ORDER |
| v. | |
| USCB, INC., et al., | |
| Defendant. | |

**READ THIS ORDER CAREFULLY.  IT CONTROLS THE CASE
AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES**.

This action has been assigned to the calendar of Judge Percy Anderson.  Both the Court and the attorneys bear responsibility for the progress of litigation in the Federal Courts.  To secure the just, speedy, and inexpensive determination of every action, Fed. R. Civ. P. 1, all counsel are ordered to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of the Central District of California.

IT IS HEREBY ORDERED:

1.      **Service of the Complaint:**  The Plaintiff shall promptly serve the Complaint in accordance with Fed. R. Civ. P. 4 and file the proofs of service pursuant to Local Rule 5-3.1 within 10 days of service of the summons and complaint.

2.     **Presence of Lead Counsel**:  Lead trial counsel shall attend all proceedings before this Court, including all status and settlement conferences.

3.     **Discovery:**

(a)     All discovery matters have been referred to a United States Magistrate Judge, who will hear all discovery disputes.  (The Magistrate Judge's initials follow the Judge's initials next to the case number.)  All discovery documents must include the words "DISCOVERY MATTER" in the caption to ensure proper routing.  Counsel are directed to contact the Magistrate Judge's Courtroom Deputy Clerk to schedule matters for hearing. Please do not deliver courtesy copies of these documents to this Court.

The decision of the Magistrate Judge shall be final, subject to modification by the District Court only where it has been shown that the Magistrate Judge's Order is clearly erroneous or contrary to law.  Any party may file and serve a motion for review and reconsideration before this Court.  The moving party must file and serve the motion within fourteen (14) days of service of a written ruling or within fourteen (14) days of an oral ruling that the Magistrate Judge states will not be followed by a written ruling.  The motion must specify which portions of the ruling are clearly erroneous or contrary to law and support the contention with points and authorities. Counsel shall deliver a conformed copy of the moving papers and responses to the Magistrate Judge's clerk at the time of filing.

(b)     Unless there is a likelihood that upon motion by a party the Court would order that any or all discovery is premature, it is advisable for counsel to begin to conduct discovery actively before the Scheduling Conference.  At the very least, the parties shall comply fully with the letter and spirit of Fed. R. Civ. P. 26(a) and thereby obtain and produce most of what would be produced in the early stage of discovery, because at the Scheduling Conference the Court will impose tight deadlines to complete discovery.

(c)     If expert witnesses are to be called at trial, the parties shall designate experts to be called at trial and provide reports required by Fed. R. Civ. P. 26(a)(2)(B), not later than eight weeks prior to the discovery cutoff date.  Rebuttal expert witnesses shall be

-2-

1  designated and reports provided as required by Fed. R. Civ. P. 26(a)(2)(B), not later than

2  five weeks prior to the discovery cutoff date.  Failure to timely comply with this deadline

3  may result in the expert being excluded at trial as a witness.

4      **4.**    **Electronic Filing**:

5      Pursuant to Local Rule 5-4, the United States District Court for the Central District of

6  California requires electronic filing of documents.  Information about the Court's Electronic

7  Case Filing system ("ECF") is available in Local Rule 5-4 and on the Court's website at

8  www.cacd.uscourts.gov/cmecf.

9      Pursuant to Local Rule 5-4.3.1, documents filed electronically must be submitted in

10  Portable Document Format ("PDF"), created using word-processing software, and published

11  to PDF from the original word-processing file to permit the electronic version of the

12  document to be searched.  Other than signature pages, PDF IMAGES CREATED BY

13  SCANNING PAPER DOCUMENTS ARE PROHIBITED.  Violation of Local Rule 5-4.3.1

14  may result in the striking of the offending document and the imposition of monetary or other

15  sanctions.

16      All manually filed documents (those documents excused from the electronic filing

17  requirements by Local Rule 5-4.2) shall be served on the person as otherwise required by the

18  Federal Rules of Civil Procedure or the Local Rules.

19      **5.**    **Mandatory Chambers Copies**:

20      Notwithstanding any contrary provision in the Local Rules, and unless otherwise

21  ordered by the Court, Judge Anderson does not require parties to provide Mandatory

22  Chambers Copies of documents filed through the Court's CM/ECF System.  **No party shall**

23  **deliver a Mandatory Chambers Copy to Judge Anderson unless specifically ordered to**

24  **do so**.  If the Court orders the delivery of a Mandatory Chambers Copy, the Mandatory

25  Chambers Copy shall be delivered by either:  (1) delivering it to Judge Anderson's mailbox

26  located adjacent to the Clerk's Office on the fourth floor of the United States Courthouse,

27  350 West 1st Street, Los Angeles, California, no later than 12:00 noon on the business day

28  following the filing of the document; or (2) sending it by guaranteed overnight delivery to

1  the United States Courthouse, 350 West 1st Street, Suite 4311, Los Angeles, California

2  90012-4565.  Should the Mandatory Chambers Copy be sent by overnight delivery, the

3  sender shall notify the delivery service that the signature of the recipient is not required.

4         **6.    Motions**:[1/]

5               (a)    Time for Filing and Hearing Motions:  Motions shall be filed in

6  accordance with Local Rule 7.  This Court hears motions on **Mondays, commencing at**

7  **1:30 p.m.  No supplemental brief shall be filed without prior leave of Court**.  No motion

8  shall be noticed for hearing for more than thirty-five (35) days after service of the motion

9  unless otherwise ordered by the Court.[2/]

10        Many motions to dismiss or to strike could be avoided if the parties confer in good

11 faith (as they are required to do under L.R. 7-3), especially for perceived defects in a

12 complaint, answer or counterclaim which could be corrected by amendment.  See Chang v.

13 Chen, 80 F.3d 1293, 1296 (9th Cir. 1996) (where a motion to dismiss is granted, a district

14 court should provide leave to amend unless it is clear that the complaint could not be saved

15 by *any* amendment).  Moreover, a party "may amend its pleading once as a matter of course"

16 within 21 days of serving it or within 21 days after service of a responsive pleading or "a

17 motion under Rule 12(b), (e), or (f)."  Fed. R. Civ. P. 15(a)(1).  And even where a party has

18 amended his Complaint once or a responsive pleading has been served, the Federal Rules

19 provide that leave to amend should be "freely given when justice so requires." F.R.Civ.P.

20 15(a).  The Ninth Circuit requires that this policy favoring amendment be applied with

21 "extreme liberality."  Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th

22 

23 [1/]      Among other things, Local Rule 7-3 requires counsel to engage in a pre-filing
24 conference "to discuss thoroughly . . . the substance of the contemplated motion and any
   potential resolution."  Counsel should discuss the issues sufficiently so that if a motion is
25 still necessary, the briefing may be directed to those substantive issues requiring resolution
   by the Court.  Counsel should resolve minor procedural or other nonsubstantive matters
26 during the conference.

27 [2/]      The filing party may set the hearing on the next available Monday that is not a federal
28 holiday beyond thirty-five (35) days if the hearing date no more than thirty-five (35) days
   after service of the motion is a federal holiday.

Cir. 1990).  These principles require that counsel for the plaintiff should carefully evaluate the defendant's contentions as to the deficiencies in the complaint and in many instances, the moving party should agree to any amendment that would cure a curable defect.

In the unlikely event that motions under Fed. R. Civ. P. 12 challenging pleadings are filed after the Rule 16 Scheduling Conference, the moving party shall attach a copy of the challenged pleading to the Memorandum of Points and Authorities in support of the motion. The foregoing provisions apply as well to motions to dismiss a counterclaim, answer or affirmative defense, which a plaintiff might file.

**(b)    Length and Format of Motion Papers:  Memoranda of Points and Authorities in support of or in opposition to motions shall not exceed 25 pages. Replies shall not exceed 12 pages.**  Only in rare instances and for good cause shown will the Court grant an application to extend these page limitations.

**Typeface shall comply with Local Rule 11-3.1.1. NOTE:  If Times Roman font is used, the size must be no less than 14; if Courier is used, the size must be no less than 12.**  Footnotes shall be in typeface no more than one size smaller than text size and shall be used sparingly.

Filings which do not conform to the Local Rules and this Order will not be considered.

**(c)    Citations to Case Law:**  Citations to case law **must** identify not only the case being cited, but the specific page being referenced.  Certain kinds of authority are considered more useful – or authoritative – than others.  If more than one authority is cited in support of a proposition, these supporting authorities are to be listed such that the more authoritative ones appear first.

**(d)    Citations to Other Sources:**  Counsel are reminded that the basic purpose of a legal citation is to allow the reader to locate a cited source accurately and efficiently.  Accordingly, statutory references should identify, with specificity, which sections and subsections are being referenced (e.g., Jurisdiction over this cause of action may appropriately be found in 47 U.S.C. § 33, which grants the district courts jurisdiction

over all offenses of the Submarine Cable Act, whether the infraction occurred within the territorial waters of the United States or on board a vessel of the United States outside said waters). Statutory references which do not indicate specifically which section and subsection are being referred to (e.g., Plaintiffs allege conduct in violation of the Federal Electronic Communication Privacy Act, 18 U.S.C. § 2511, <u>et</u> <u>seq</u>.) are to be **avoided**. Citations to treatises, manuals, and other materials should similarly include the volume and the section being referenced.

7. **Proposed Orders:** Each party filing or opposing a motion or seeking the determination of any matter shall serve and lodge a Proposed Order setting forth the relief or action sought and a brief statement of the rationale for the decision with appropriate citations. If the Proposed Order exceeds two pages, the proposing party shall also submit a copy of the Proposed Order to the Court's ECF e-mail address, in WordPerfect format (X9 or earlier versions) or Microsoft Word (Word 365 or earlier versions).

8. **Ex Parte Applications:** Counsel are reminded <u>ex</u> <u>parte</u> applications are solely for extraordinary relief. <u>See</u> <u>Mission Power Engineering Co. v. Continental Casualty Co.</u>, 883 F. Supp. 488 (C.D. Cal. 1995). Applications which fail to conform with Local Rules 7-19 and 7-19.1, **including a statement of opposing counsel's position,** will not be considered. Any opposition must be filed not later than 24 hours after service. If counsel do not intend to oppose the <u>ex</u> <u>parte</u> application, counsel must inform the court clerk by telephone. The Court considers <u>ex</u> <u>parte</u> applications on the papers and usually does not set these matters for hearing. The Courtroom Deputy Clerk will notify counsel of the Court's ruling or a hearing date and time, if the Court determines a hearing is necessary. Absent leave of Court, the Court will not consider reply papers in support of an ex parte application.

9. **Under Seal Filings:** Parties shall make every effort to limit the number and volume of under seal filings. In most circumstances, parties should seek to file under seal only the specific portions of exhibits or documents for which there is a valid basis for filing under seal. Requests to file memoranda of points and authorities under seal are disfavored.

Pursuant to Local Rule 79-5.2.2, except in sealed civil cases, "no document may be filed under seal without prior approval by the Court."  When seeking the Court's approval for an under seal filing, the submitting party shall comply with the procedures established in Local Rule 79-5.2.2(a).  Because documents filed under seal are only visible on CM/ECF or Pacer to Court personnel and the party that filed the document, a party electronically filing a document under seal may not rely on the Court's CM/ECF System to effect service as provided in Local Rule 5-3.2.1.  Therefore, documents filed electronically under seal must be served in accordance with Federal Rule of Civil Procedure 5.  Additionally, at the time of filing, the documents filed electronically under seal must be accompanied either by a Proof of Service in the form required by Local Rule 5-3.1.2 or a declaration explaining why service is not required.

The submission of documents for in camera review is governed by Local Rule 79-6.

**10.    Applications or Stipulations to Extend the Time to File any Required Document or to Continue any Pretrial or Trial Date:**  No stipulations extending scheduling requirements or modifying applicable rules are effective until and unless the Court approves them.  Both applications and stipulations must be filed in advance of the date due and set forth:

(a)    the existing due date or hearing date as well as the discovery cutoff date, the last date for hearing motions, the pre-trial conference date and the trial date;

(b)    specific, concrete reasons supporting good cause for granting the extension.  In this regard, a statement that an extension "will promote settlement" is insufficient.  The requesting party or parties must indicate the status of ongoing negotiations: (i.e., have written proposals been exchanged? Is counsel in the process of reviewing a draft settlement agreement?  Has a mediator been selected?);

(c)    whether there have been prior requests for extensions, and whether these were granted or denied by the Court.

**11.    TROs and Injunctions**:  Parties seeking emergency or provisional relief shall comply with Fed. R. Civ. P. 65 and Local Rules 7-19 and 65.  Absent extraordinary

-7-

1  circumstances, the Court will not rule on any application for such relief for at least 24 hours

2  after the party subject to the requested order has been served.  The opposing party may file

3  opposing or responding papers in the interim.

4      **12.    Cases Removed From State Court:**  All documents filed in state court,

5  including documents appended to the complaint, answers and motions, must be refiled in

6  this Court as a supplement to the Notice of Removal, if not already included.  <u>See</u> 28 U.S.C.

7  § 1447(a)(b).  If the defendant has not yet responded, the answer or responsive pleading

8  filed in this Court must comply with the Federal Rules of Civil Procedure and the Local

9  Rules of the Central District.  If a motion was pending in state court before the case was

10 removed, it must be re-noticed and re-filed in accordance with Local Rule 7.

11     **13.    ERISA Cases**:  Absent an agreed upon statement of facts, the court will not

12 hear motions for summary judgment, but will hear motions to determine the standard of

13 review and the scope of the administrative record.  <u>See</u> <u>Kearney v. Standard Ins. Co.</u>, 175

14 F.3d 1084 (9th Cir. 1999).  There will be a court trial (usually confined to oral argument) on

15 the administrative record.

16     **14.    Class Actions**:  Consistent with Federal Rule of Civil Procedure 23's

17 requirement that the Court must determine at "an early practicable time" whether to certify

18 an  action as a class action, for any action purporting to commence a class action, other than

19 an action subject to the Private Securities Litigation Reform Act of 1995, P.L. 104-67, 15

20 U.S.C. § 77z-1 et seq., the Court orders that any Motion for Class Certification shall be filed

21 within 120 days after service of a pleading (or, if applicable, within 120 days after the filing

22 of a Notice of Removal), unless otherwise ordered by the Court.  Failure to timely file a

23 Motion for Class Certification may result in the imposition of sanctions, which may include

24 the striking of the class allegations.

25     **15.    Consent to Magistrate Judge:**  The parties may consent to have a United

26 States Magistrate Judge preside over the entire case, including trial.  The parties are free to

27 select from amongst all the magistrate judges available for this purpose, not just the

28

1  magistrate judge assigned to this case.  (Please consult the court's website for the list of the

2  available magistrate judges.)

3      **16.**    <u>**Status of Fictitiously Named Defendants:**</u>  This Court intends to adhere to

4  the following procedures where a matter is removed to this Court on diversity grounds with

5  fictitiously named defendants referred to in the complaint.  <u>See</u> 28 U.S.C. §§ 1441(a), 1447.

6      (a)    Plaintiff is normally expected to ascertain the identity of and serve any

7  fictitiously named defendants within 90 days of the removal of the action to

8  this Court.

9      (b)    If plaintiff believes (by reason of the necessity for discovery or

10  otherwise) that fictitiously named defendants cannot be fully identified within the 90-day

11  period, an <u>ex parte</u> application requesting permission to extend that period to effectuate

12  service may be filed with this Court.  Such application shall state the reasons therefor, and

13  may be granted upon a showing of good cause.  The <u>ex parte</u> application shall be served

14  upon all appearing parties, and shall state that appearing parties may comment within seven

15  (7) days of the filing of the <u>ex parte</u> application.

16      (c)    If plaintiff desires to substitute a named defendant for one of the

17  fictitiously named parties, plaintiff first shall seek to obtain consent from counsel for the

18  previously-identified defendants (and counsel for the fictitiously named party, if that party

19  has separate counsel).  If consent is withheld or denied, plaintiff may apply <u>ex parte</u>

20  requesting such amendment, with notice to all appearing parties.  Each party shall have

21  seven calendar days to respond.  The <u>ex parte</u> application and any response should comment

22  not only on the substitution of the named party for a fictitiously named defendant, but on the

23  question of whether the matter should thereafter be remanded to the Superior Court if

24  diversity of citizenship is destroyed by the addition of the new substituted party.  <u>See</u> 28

25  U.S.C. § 1447(c)(d).

26      **17.**    <u>**Bankruptcy Appeals:**</u>  Counsel shall comply with the Notice Regarding

27  Appeal from Bankruptcy Court issued at the time the appeal is filed in the District Court.

28

1    The matter is considered submitted upon the filing of the appellant's reply brief.  No oral

2    argument is held unless otherwise ordered by this Court.

3        **18.**    **<u>Communications with Chambers</u>:**  Counsel shall not attempt to contact the

4    Court or its chambers staff by telephone or by any other <u>ex parte</u> means, although counsel

5    may contact the Courtroom Deputy, at (213) 894-1795, with appropriate inquiries.  To

6    facilitate communication with the Courtroom Deputy, counsel should list their telephone

7    numbers and e-mail addresses on all papers.

8        **19.**    **<u>Notice of this Order</u>:**  Counsel for plaintiff shall immediately serve this Order

9    on all parties, including any new parties to the action.  If this case came to the Court through

10   a Notice of Removal, the removing defendant shall serve this Order on all other parties.

11       IT IS SO ORDERED.

12    Dated:  September 22, 2025

13    _____

14                                    Percy Anderson
                                     UNITED STATES DISTRICT JUDGE

15

16

17    revised 2/26/2025

18

19

20

21

22

23

24

25

26

27

28