Christopher Campbell, Esq. (SBN 309234)
Crystal Miller-O'Brien (SBN 224605)
Tolu Sojobi (SBN 339081)
**LYDECKER LLP**
523 W. 6th St, Suite 716
Los Angeles, CA 90014
Telephone:   (213) 226-7068
Facsimile:    (213) 293-4425
cmiller@lydecker.com
tsojobi@lydecker.com
ccampbell@lydecker.com

Attorneys for Defendant
ALBERT CADENA, an Individual

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA WESTERN DIVISION

| | |
|---|---|
| TIGRAN 'THEO' BERSEYAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>USCB, INC., California corporation dba USCB AMERICA; ALBERT CADENA, an individual; and DOES 1-100, INCLUSIVE<br><br>Defendant. | Case No: 2:25-cv-08687<br><br>**DEFENDANT ALBERT CADENA'S ANSWER TO PLAINTIFF TIGRAN 'THEO' NERSEYAN'S COMPLAINT FOR RETALIATION, BREACH OF FIDUCIAY DUTY, VIOLATING CALIFORNIA LABOR CODE § 1102.5, WRONGFUL TERMINATION, AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**<br><br>Complaint Filed:  September 22, 2025 |

I. PARTIES

1.      Defendant ALBERT CADENA (hereinafter "DEFENDANT CADENA") does not have sufficient information to admit or deny whether Plaintiff, TIGRAN THEO NERSEYAN (hereinafter "Plaintiff") is an individual and resident of Los Angeles, California. Defendant CADENA admits Plaintiff was employed by USCB, Inc., a California Corporation doing business as USCB ("Defendant USCB"). Defendant CADENA does not have sufficient information to admit or deny whether Plaintiff participated in the employee benefits plan governed by the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), 29 U.S.C. § 1001, et seq.

2.    Defendant CADENA does not have sufficient information to admit or deny if USCB or any of its respective subsidiaries or affiliated companies within the State of California; that USCB is and at all relevant times relevant hereto, was a corporation organized and existing under and by virtue of the laws of the State of California. This statement calls for a legal conclusion. Defendant CADENA admits that USCB conducted business in the County of Los Angeles, California. Defendant CADENA admits that USCB's principal California address is 355 S. Grand Ave., 32nd Floor, Los Angeles, CA 90071. Defendant CADENA admits he is employed by and is the Chief Executive Officer (CEO) of USCB.

3.    Defendant CADENA admits at all relevant times he has been the Chief Executive Officer ("CEO") and President of USCB. Defendant CADENA does not have sufficient information to admit or deny whether he acts as a fiduciary within the meaning of 29 U.S.C. § 1002(21)(A). This statement calls for a legal conclusion.

4.    Defendant CADENA does not have sufficient information to admit or deny whether the true names and capacities of DOES 1 through 100 are currently unknown to Plaintiff. Further, Defendant CADENA does not have sufficient information to admit or deny whether Plaintiff is informed that each of the designated defendants as DOE is legally obligated and responsible in some manner for the unlawful acts referred to herein or whether Plaintiff will seek leave of the Court to amend this Complaint to reflect their true names and roles of the defendants designated as DOES when such identities become known.

## II. JURISDICTION AND VENUE

5.    Defendant CADENA objects to the statement that this Court has jurisdiction over this action pursuant to 29 U.S.C. § 11329(e)(f) as it is a legal conclusion and calls for a legal argument.

6.    Defendant CADENA objects to the statement that this Court has supplemental jurisdiction of Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) as it is a legal conclusion and calls for a legal argument.

7.    Defendant CADENA objects that venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) as it is a legal conclusion and calls for a legal argument.

## III. FACTUAL BACKGROUND

A. **About USCB**

**DEFENDANT ALBERT CADENA'S ANSWER TO PLAINTIFF TIGRAN 'THEO' NERSEYAN'S COMPLAINT FOR DAMAGES**

8.    Defendant CADENA admits that USCB is a nationally recognized provider of revenue cycle management and bad debt collection services and that USCB's services encompass a range of services.

9.    Defendant CADENA does not have sufficient information to admit or deny that in 2004, Defendant USCB underwent a major structural transformation by selling 100% of its stock to an Employee Stock Ownership Plan.

10.    Defendant CADENA does not have sufficient information to admit or deny that in 2012, Defendant USCB acquired an agency that is called and/or does business as North Coasty Collection Services and/or if North Coasty Collection Services has a base location in Santa Rosa, California.

11.    Defendant CADENA does not have sufficient information to admit or deny whether in 2018, Defendant USCB acquired J&L Teamworks and/or RevSolve, Inc.

12.    Defendant CADENA does not have sufficient information to admit or deny that Defendant USCB expanded across multiple states establishing a data center in Mesa, Arizona. Defendant CADENA objects to the statement that the alleged establishment was part of a growth strategy, to expand its footprint, and establish key operational hubs, as this claim is conclusory, speculative, and calls for a legal argument.

13.    Defendant CADENA admits that he worked for USCB and held the job title as USCB's President and CEO of USCB as of March 2014.

B. **Plaintiff's Employment History**

14.    Defendant CADENA admits Plaintiff was employed by USCB in 1998 and was named Senior Vice President and Chief Information Officer of Strategic Initiatives as of 2019. Defendant CADENA does not have sufficient information to admit or deny whether during Plaintiff's employment, Plaintiff contributed to and worked in various capacities, including operations, compliance, project management, and technology. Defendant CADENA objects to this statement as it is speculative, conclusory, and calls for legal argument.

15.    Defendant CADENA does not have sufficient information to admit or deny that Plaintiff received 2,500 shares of stock in December 2015. Defendant CADENA does not have sufficient information to admit or deny whether the shares were a specialized type of stock. Defendant CADENA denies Plaintiff was granted these shares as part of an employee performance award or as part of a program entitled the "Above and Beyond" recognition award and/or that Plaintiff was required to forfeit said interest in claimed shares upon Plaintiff's alleged termination.

16.     Defendant CADENA does not have sufficient information to admit or deny that Plaintiff received the first-ever Employee of the Year award in January 2017 for his efforts as claimed. Defendant CADENA denies that such an award was accompanied by an "Above and Beyond" bonus, crystal award, and company-wide acknowledgment. Further, Defendant CADENA denies Defendant USCB incurred costs for alleged perks and denies that the same was related to CADENA's interests. Defendant CADENA objects to these statements as conclusory and speculative.

17.     Defendant CADENA admits Plaintiff was employed by USCB as its Senior Vice President and Chief Information & Technology Officer for Strategic Initiatives. Defendant CADENA does not have sufficient information to admit or deny whether Plaintiff oversaw all technology and departments or whether Plaintiff was the youngest Senior Vice President in the Company's history.

18.     Defendant CADENA denies he notified Plaintiff in August 2019 that USCB would obtain a "Key Man" life insurance policy in favor of Plaintiff. Defendant CADENA does not have sufficient information to admit or deny whether a "Key Man" life insurance policy and/or insurance coverage is provided for purported "key" employees and that such benefits would extend to Plaintiff on the alleged basis that he was a "key" employee, possessed unique talents, experience, or skills that are vital to the success of USCB, or Defendant USCB's business interests, or if said "Key Man" life insurance safeguards USCB's business against financial consequences of losing essential employees. Defendant CADENA objects to this statement as it is speculative.

19.     Defendant CADENA does not have sufficient information to admit or deny whether Plaintiff qualified for a specialized benefit known as BeniComp, if it is exclusively available to Senior Executives, and if it is a fully insured supplemental group executive medical expense reimbursement policy. Additionally, Defendant CADENA denies that during the fingerprinting process Defendant CADENA repeatedly stated that Plaintiff would be positioned to assume the presidential role at USCB in the future.

20.     Defendant CADENA admits that in March 2020, the Company instituted a shelter-in-place order in response to the COVID-19 pandemic which enabled its employees to perform work from virtual desktops. Defendant CADENA does not have sufficient information to admit or deny whether the contemplated shelter-in-place order allowed USCB to maintain uninterrupted operations. Defendant CADENA does not have sufficient information to admit or deny that

**DEFENDANT ALBERT CADENA'S ANSWER TO PLAINTIFF TIGRAN 'THEO' NERSEYAN'S COMPLAINT FOR DAMAGES**

Plaintiff's individual contributions were recognized and if Defendant CADENA stated that Plaintiff played a crucial role in ensuring the continuity of USCB's business.

21.     Defendant CADENA denies Plaintiff received "Above and Beyond" awards, or Cash bonus(es) in recognition of any alleged exemplary foresight and technological planning in September 2020. Defendant CADENA objects to this statement as it is speculative and calls for a legal conclusion.

22.     Defendant CADENA denies USCB issued Plaintiff 3,000 Phantom Shares as part of the alleged "Above and Beyond" award. Defendant CADENA objects to the statement that the shares are estimated to have a market value worth $73,530, and allegedly has a stock price per share value of $24.51. These statements are speculative and call for expert opinion.

23.     Defendant CADENA admits Plaintiff participated in USCB's employee benefits plan during his employment tenure with USCB.

C. **Ghost Employee's Employment at USCB**

24.     Defendant CADENA has insufficient information to admit or deny whether Plaintiff received a notification from Defendant USCB or Defendant CADENA about the required onboarding of a new/Ghost Employee; and/or to advise Plaintiff that this alleged Ghost Employee was required to report to Plaintiff.

25.     Defendant CADENA denies that Plaintiff raised several questions with the Human Resources Director about said Ghost Employee which Plaintiff claims were unanswered. Defendant CADENA denies Plaintiff was scolded by the USCB Human Resources Director in connection with Plaintiff's alleged questioning surrounding the hire of a purported Ghost Employee; and/or whether Defendant CADENA directed and advised USCB's Human Resources Director to tell Plaintiff that it would be best if Plaintiff avoided discussing any issues or mentioning them to others regarding the Ghost Employee. Defendant CADENA objects to this statement as it is speculative.

26.     Defendant CADENA denies that existence of a Ghost Employee and denies that said Ghost Employee started working at USCB on April 8, 2013. Moreover, Defendant CADENA denies that Plaintiff was ever asked to supervise said Ghost Employee or that said Ghost Employee(s) were told by CADENA not to report to Plaintiff.

27.     Defendant CADENA denies telling Plaintiff that the said Ghost Employee required a new employee password assigned or reset due to inactivity. Defendant CADENA objects to the statement that requests seeking new passwords or reassigned passwords was an unusual request

**DEFENDANT ALBERT CADENA'S ANSWER TO PLAINTIFF TIGRAN 'THEO' NERSEYAN'S COMPLAINT FOR DAMAGES**

for any employee, let alone the said Ghost Employee. This statement is speculative. Defendant CADENA admits between 2015 and 2017 UCSB used a security tool called Netwrix Auditor. Defendant CADENA has insufficient information to admit or deny whether Netwirx Auditor disables accounts after 21 days of inactivity. Defendant CADENA objects to the statement that if the alleged Ghost Employee had been functioning as a regular employee the password would not have been deactivated because it is speculative as to the reason(s), if any, passwords are deactivated. Further, Defendant CADENA does not have sufficient information to admit or deny whether said Ghost Employee would have "ADMIN" credentials to log into Active Directory and reset passwords.

28.    Defendant CADENA denies said Ghost Employee instructed Plaintiff to set up an auto-forward on USCB's email server to relay all company emails to their personal email.

29.    Defendant CADENA denies that a potential security breach occurred in September 2022 within the Company's payroll system that allowed regular employees to access payroll information for all USCB employees. Further, Defendant CADENA denies any modifications made by the Human Resources Department to ADP unintentionally exposed sensitive information. Additionally, Defendant CADENA denies any pay increases for CADENA and bonuses for said Ghost Employee.

30.    Defendant CADENA denies a workflow ticket was filed for said Ghost Employee on January 6, 2023, that resulted in their termination that same day.

31.    Defendant CADENA does not have sufficient information to admit or deny that the IT Systems Administrator noted said Ghost Employee did not have a Virtual Desktop Infrastructure account or an Office 365 account. Defendant CADENA objects to the statement that an employee could not effectively perform their job functions during the workday or record time for payroll as it is speculative.

32.    Defendant CADENA denies that said Ghost Employee was not listed as a functioning employee who received an annual salary of over $60,000 and was enrolled in benefit plans. Further, Defendant CADENA denies the Ghost Employee received compensation without providing a service that was a misuse of corporate assets and a breach of fiduciary duty. Defendant CADENA denies the Ghost Employee's continued employment was a knowing and deliberate violation of USCB's internal policy. Defendant CADENA objects to this statement as it is speculative, a legal conclusion, and calls for a legal argument.

**DEFENDANT ALBERT CADENA'S ANSWER TO PLAINTIFF TIGRAN 'THEO' NERSEYAN'S COMPLAINT FOR DAMAGES**

33.     Defendant CADENA objects to the statement that USCB failed to adequately supervise operations while Defendant CADENA was CEO; that Defendant CADENA was concealing a scheme that Defendant CADENA neglected to disclose which resulted in USCB shareholder funds being improperly diverted to an individual that was not assigned any responsibilities and did not have access to the basic tools to perform as an effective employee. This statement is speculative and conclusory. Additionally, Defendant CADENA objects to the statement that the alleged arrangement raises questions of corporate fraud, internal control failures, and breach of fiduciary duty under 29 U.S.C. § 1104 as it is speculative, a legal conclusion, and calls for a legal argument.

## D. **Events Leading Up to Alleged Whistleblowing**

34.     Defendant CADENA objects to the statement that USCB experienced an increasing crisis in ethical and regulatory compliance or that the Company had a toxic and retaliatory culture which Plaintiff fell victim to as it is speculative, a legal conclusion, and a legal argument. Subject to and without waiving the objection, Defendant CADENA denies this statement.

35.     Defendant CADENA admits a meeting occurred in August 2022 between Plaintiff, Defendant CADENA, and USCB's human resources department. Defendant CADENA does not have sufficient information to admit or deny whether the meeting was called to report on the existence of an ongoing hostile work environment. Defendant CADENA denies any such conduct in the workplace and that the alleged complaint implicated USCB or Defendant CADENA. Further, Defendant CADENA denies the Senior Vice President and Chief Revenue Officer fostered a pattern of aggressive, demeaning, and retaliatory behavior towards subordinate staff. Defendant CADENA objects to this statement as it is speculative.

36.     Defendant CADENA denies that during a meeting with CADENA it was disclosed that others had experienced similar instances of alleged demeaning treatment by the same executive. Further, Defendant CADENA denies repeated instances of mistreatment or the kind were confirmed that allegedly resulted in a toxic environment created by senior leadership that allegedly traumatized subordinate employees and left them feeling devalued and professionally stifled. This statement is speculative.

37.     Defendant CADENA denies CADENA ignored allegations and took no corrective path forward. This statement is speculative. Further, Defendant CADENA denies that no internal investigation was launched, or disciplinary action taken against the alleged perpetrator and that the

**DEFENDANT ALBERT CADENA'S ANSWER TO PLAINTIFF TIGRAN 'THEO' NERSEYAN'S COMPLAINT FOR DAMAGES**

employee who made the reports was sidelined. Defendant CADENA objects to this statement as it is speculative, a legal conclusion, and calls for a legal argument.

38.    Defendant CADENA denies the employee's resignation was a constructive discharge or that any such knowledge was widely understood by colleagues. Further, Defendant CADENA denies the employee's departure sent any message to others within the organization and raised concerns that executive misbehavior could lead to retaliation. Defendant CADENA objects to this statement as it is speculative, a legal conclusion, and calls for a legal argument.

39.    Defendant CADENA admits upon the employee's departure a new employee took the role as Vice President of Human Resources. Defendant CADENA denies that any such reassignment or alleged shifting of duties of said role, if at all, was done because the employee was a "loyalist" and did not have prior experience. Further, Defendant CADENA denies the appointment was viewed internally as a move to shield the executive team from accountability and ensure loyalty. Defendant CADENA objects to this statement as it is speculative.

40.    Defendant CADENA denies any retaliation against a senior-level executive, and they were replaced with someone alleged to be more "loyal" or that they failed to protect the alleged senior-level executive. Further, Defendant CADENA denies Plaintiff's later engagement with federal investigators, if at all, led to another executive-level employee experiencing retaliatory consequences. Defendant CADENA objects to this statement as it is speculative, a legal conclusion, and calls for a legal argument.

E. **Plaintiff's Contributions to Digital Firsts**

41.    Defendant CADENA admits USCB worked with venders to formulate an effective strategy to comply with California State Assembly Bill (AB) 1020. Defendant CADENA denies this legislation significantly impacted USCB's operations. Defendant CADENA does not have sufficient information to admit or deny whether the average outbound collection envelope contained approximately 1.5 pages before AB 1020 and the average increased to 8-10 pages after the bill's implementation that created an urgent need for a digital system. Defendant CADENA objects to this statement as it is speculative.

42.    Defendant CADENA denies Plaintiff spearheaded the Digital First initiative after recognizing a severe risk and operational burden. Defendant CADENA does not have sufficient information to admit or deny whether the initiative was a multi-phase enterprise aimed at digitizing client documents, automating mail workflows, and integrating complaint document-handling systems across USCB's infrastructure.

**DEFENDANT ALBERT CADENA'S ANSWER TO PLAINTIFF TIGRAN 'THEO' NERSEYAN'S COMPLAINT FOR DAMAGES**

43.    Defendant CADENA denies Plaintiff was responsible for several key tasks to secure the scalable digital infrastructure. Defendant CADENA does not have sufficient information to admit or deny whether it involved integrating the systems of hospital partners and USCB's internal systems.

44.    Defendant CADENA admits Plaintiff was charged with overseeing the IT and security teams to ensure compliance with HIPPA and trained cross-functional teams on the use of the new system.

45.    Defendant CADENA has insufficient information to admit or deny that Plaintiff coordinated with legal and compliance teams to ensure complete adherence to AB 1020 and other industry standards.

46.    Defendant CADENA has insufficient information to admit or deny that Plaintiff successfully led the team through Phase 1. Defendant CADENA admits in early 2024 USCB was able to efficiently maintain its major hospital accounts, avoid potential legal exposure, and prevent noncompliance.

47.    Defendant CADENA has insufficient information to admit or deny that CADENA sent Plaintiff a text message on April 3, 2024, requesting a call back. Further, Defendant CADENA denies that CADENA congratulated Plaintiff and expressed satisfaction with the project's progress. Defendant CADENA has insufficient information to admit or deny whether performance concerns were raised. Defendant CADENA denies CADENA acknowledged Plaintiff's contributions.

48.    Defendant CADENA admits Plaintiff was terminated on April 4, 2024. Defendant CADENA denies the termination was abrupt, under the pretext his role was being eliminated, or a decision that contradicted the importance of Digital First and CADENA's alleged earlier statements. Defendant CADENA objects to this statement as it is speculative, a legal conclusion, and calls for a legal argument.

49.    Defendant CADENA denies Plaintiff's work in Digital First was instrumental in the company's future and growth. Further, Defendant CADENA denies Plaintiff's termination was retaliatory and inconsistent with any legitimate business rationale. Defendant CADENA objects to this statement as it is speculative, a legal conclusion, and calls for a legal argument.

F. **Plaintiff's Cooperation in the DOL Investigation**

50.    Defendant CADENA admits CADENA received correspondence from the United States Department of Labor. Defendant CADENA does not have sufficient information to admit

**DEFENDANT ALBERT CADENA'S ANSWER TO PLAINTIFF TIGRAN 'THEO' NERSEYAN'S COMPLAINT FOR DAMAGES**

or deny whether the correspondence was addressed to CADENA and announced a review and audit of USCB America's Employment Stock Ownership Plan.

51.     Defendant CADENA denies CADENA circulated an internal email upon receipt of the letter that downplayed the significance of the inquiry. Further, Defendant CADENA denies CADENA made any assurances that the last audit yielded no adverse findings.

52.     Defendant CADENA does not have sufficient information to admit or deny whether Plaintiff recognized the timing and scope of the review. Defendant CADENA denies an audit followed years of questionable activity regarding USCB's ESOP compliance. Defendant CADENA objects to this statement as it is speculative.

53.     Defendant CADENA denies that the timing and scope of the 2023 review were "far from routine." Defendant CADENA objects that the audit concerned questionable activity about ESOP compliance.

54.     Defendant CADENA does not have sufficient information to admit or deny whether Plaintiff's meeting with the DOL was undertaken in good faith and constituted a protected activity under ERISA § 510 (29 U.S.C. § 1140), which provisions prohibit retaliation against any participant who provides information relating to plan operations or breach of a fiduciary's obligations.

55.     Defendant CADENA denies that Plaintiff began to experience increasingly pronounced forms of professional isolation orchestrated by USCB's senior management. Defendant CADENA denies that Plaintiff was excluded from strategic meetings that he typically led or participated in. Defendant CADENA denies that CADENA ceased to communicate with the Plaintiff regarding project updates. Defendant CADENA denies that key personnel started sharing internal discussions that suggested and emphasized that "loyalty to the company" had become a new criterion for advancement and job stability, indicating a potential cultural purge.

56.     Defendant CADENA denies that, on April 4, 2024, Plaintiff was abruptly terminated under the fabricated pretense that his position was being eliminated.

57.     Defendant CADENA does not have sufficient information to admit or deny that after Plaintiff's termination, Plaintiff was forced to forfeit earned equity compensation, including Phantom and SARS benefits awarded in recognition of his high-level contributions.

58.     Defendant CADENA denies that Plaintiff's Key Man Life Insurance Policy, funded by USCB, was allowed to lapse without notice, stripping Plaintiff of promised coverage and undermining the Company's prior assurances of his executive value.

**DEFENDANT ALBERT CADENA'S ANSWER TO PLAINTIFF TIGRAN 'THEO' NERSEYAN'S COMPLAINT FOR DAMAGES**

G. **USCB's Purported Common Practice of "Eliminating" Positions, Only to Subsequently Re-Fill It Shortly Thereafter**

59. Defendant CADENA denies that USCB has a long-standing and well-documented practice of using the false pretense of "position elimination" as an excuse to quickly terminate employees, particularly those who are perceived as disloyal, outspoken, or whose sense of integrity is considered to be misaligned with the leadership's inner circle. Defendant CADENA denies that such a tactic would enable the Company to bypass standard human resources procedures for progressive discipline, performance documentation, or formal layoff criteria, allowing for the removal of targeted individuals without accountability regardless.

60. Defendant CADENA denies that another employee, known to have raised issues of improper actions by another high-ranked employee, and a dedicated employee with over 30 years of service, was terminated as part of what USCB referred to as a restructuring initiative. Defendant CADENA denies that such an employee had previously served as the Executive Assistant to Melvin F. Shaw, the founder of USBC. Defendant CADENA denies that it claimed that the position of Supervisor of the Administration team was being eliminated. Defendant CADENA denies that the position was filled shortly afterward, without any material changes to the role or responsibilities.

61. Defendant CADENA admits that the Company's Information Security Officer was dismissed in 2022 based on his position no longer being needed. Defendant CADENA denies that there were no relevant performance issues or layoff in process. Defendant CADENA also denies that the responsibilities of the Information Security Officer were transferred to another/other employee(s). Defendant CADENA objects to the phrasing of "loyalist."

62. Defendant CADENA admits that the Vice President of Self Pay was removed on April 4, 2024. Defendant CADENA denies that this employee had previously expressed concern about executive misconduct or about a toxic work environment.

63. Defendant CADENA denies that CADENA stripped terminated employees of equity awards, severance, and benefits. Defendant CADENA also denies that CADENA instilled fear in current employees about cooperating with investigators could result in dismissal.

IV. <u>BASIS FOR LEGAL CLAIMS OF ACTION</u>

**FIRST CAUSE OF ACTION**

**Retaliation in Violation of ERISA (29 U.S.C. § 1140)**

64.    Defendant CADENA does not admit or deny this claim.

65.    Defendant CADENA denies that Defendant CADENA's actions violated ERISA's anti-retaliation provisions, 29 U.S.C. § 1140, which prohibit employers from discharging, disciplining, or discriminating against any participant or beneficiary for exercising rights under a bona fide ERISA plan.

66.    Defendant CADENA admits that Plaintiff was a participant in multiple ERISA-covered employee benefit plans. Defendant CADENA cannot admit or deny that the relevant benefits at issue in this Complaint were integral to Plaintiff's executive compensation and long-term financial security.

67.    Defendant CADENA denies that Plaintiff engaged in a protected activity when it cooperated in the Department of Labor audit that focused on the Company's Employee Stock Ownership Plan. Defendant CADENA cannot admit or deny that the audit identified additional compliance issues, like the Ghost Employee alleged in the Complaint. Defendant CADENA also denies that such issues, if any, highlighted problems related to improper benefit allocations and the misuse of payroll and benefit plan assets. This claim is speculative and is a legal conclusion.

68.    Defendant CADENA denies that CADENA terminated Plaintiff from his role as Senior Vice President and Chief Information Officer for Strategic Initiatives on April 4, 2024. Defendant CADENA can neither admit nor deny that Plaintiff was fired less than two months after federal law enforcement agents visited his home and during part of an ongoing active DOL investigation. Defendant CADENA further denies that the stated reason for termination ("elimination of position") was demonstrably false. Defendant CADENA denies that the role was restructured, and responsibilities were reassigned. Defendant CADENA denies that CADENA's conduct was retaliatory and intended to interfere with Plaintiff's employment rights under State Laws and under ERISA.

69.    Defendant CADENA denies that the Company falsely stated that Plaintiff's position was being "eliminated." Defendant CADENA cannot either admit or deny that Plaintiff received praise just a day before his work in leading the Digital First compliance initiative. Defendant CADENA denies that Plaintiff was working without performance issues. Defendant CADENA cannot either admit or deny that Plaintiff's work responsibilities were redistributed within the Company, and no broader departmental restricting occurred.

70.    Defendant CADENA denies that there is a clear causal connection between the Plaintiff's protected ERISA activity and his termination. Defendant CADENA denies that the

connection is underscored by the proximity of events: the Plaintiff had a confidential meeting with Department of Labor (DOL) investigators on December 7, 2023, and later cooperated with Federal Law Enforcement Agency investigating misconduct uncovered. Defendant CADENA further denies that Plaintiff was terminated shortly after disclosing visits from federal investigators, and fewer than four months later, his disclosures to the Department of labor, but not before he completed implementing Phase 1 of Digital Firsts. Defendant CADENA objects to this statement as it is speculative, a legal conclusion, and calls for a legal argument.

71.    Defendant CADENA denies that during the meeting in which Plaintiff was terminated, CADENA demanded to know why the Plaintiff had not promptly and immediately notified him that Federal Law Enforcement Agents visited his home on February 15, 2024. Defendant CADENA further denies that USCB's leadership was monitoring Plaintiff's external cooperation.

72.    Defendant CADENA denies that CADENA had a pattern of retaliation. Defendant CADENA denies that other employees were terminated under the pretense of "eliminated positions" shortly after voicing internal compliance concerns. Defendant CADENA objects to this statement as it is speculative, a legal conclusion, and calls for a legal argument.

73.    Defendant CADENA objects to this statement on the grounds of legal conclusion and lack of foundation. Defendant CADENA denies that there were any instances of retaliation that violated 29 U.S.C. § 1140, which is intended to protect employees from adverse action for exercising ERISA-related rights.

74.    Defendant CADENA denies that as a direct and proximate cause of Defendant CADENA's unlawful conduct, Plaintiff has suffered economic and non-economic damage, including but not limited to loss of wages, benefits, emotional distress, and other consequential damages.

## SECOND CAUSE OF ACTION

### Breach of Fiduciary Duty in Violation of ERISA (29 U.S.C. §§ 1104 and 1109)

75.    Defendant CADENA does not admit or deny this statement.

76.    Defendant CADENA does not admit or deny this statement.

77.    Defendant CADENA denies that Albert Cadena (CADENA), USCB's CEO, as a plan administrator and fiduciary of the USCB, Inc. Employee Stock Ownership Plan (the "Plan"), owed a fiduciary duty to Plaintiff and all other participants to act solely in their interest and for the

exclusive purpose of providing benefits and defraying reasonable administrative expenses, as required by ERISA § 404(a)(1) and 29 U.S.C. § 1104(a)(1).

78.     Defendant CADENA denies that Defendant CADENA, as a plan fiduciary, violated ERISA §§ 404, 406, and 409 (29 U.S.C. §§1104 and 1109), and breached these fiduciary duties in several material respects.

a.     Defendant CADENA denies that CADENA was aware of and facilitated the long-term employment of his spouse, who was on payroll for over a decade without performing actual work. Defendant CADENA further denies CADENA's spouse lacked any standard IT credentials and was paid an annual salary exceeding $60,000, with full access to ESOP and health benefits. Defendant CADENA objects to the use of the term "ghost employment" and denies that a Ghost Employment arrangement diverted plan assets from legitimate beneficiaries but also undermined the integrity and financial stranding of the ESOP. Defendant CADENA denies that Plaintiff's disclosures confirming this arrangement resulted in Plaintiff's summary termination.

b.     Defendant CADENA can neither admit nor deny that when USCB received a formal notice from the U.S. Department of Labor on July 21, 2023, CADENA instructed executive staff to treat it as a "routine audit," despite the audit's direct relevance to possible fiduciary misconduct involving the ESOP. Defendant CADENA also denies that by downplaying the investigation and failing to disclose material facts about potential violations, CADENA obstructed oversight and failed to act in good faith on behalf of plan participants. These statements are speculative and call for a legal conclusion.

c.     Defendant CADENA denies that while Plaintiff and other USCB employees experienced multiple rounds of involuntary salary reductions, including in 2017 and again in March 2022, CADENA awarded himself significant raises and bonuses. Defendant CADENA further denies that these raises were neither disclosed to nor approved by the participants of the ESOP and were concealed from appropriate oversight.

d.     Defendant CADENA denies that the Key Man Life Insurance policy on Plaintiff, approved by CADENA in 2019 and funded by the Company, was permitted to lapse in January 2024 due to non-payment. Defendant CADENA

**DEFENDANT ALBERT CADENA'S ANSWER TO PLAINTIFF TIGRAN 'THEO' NERSEYAN'S COMPLAINT FOR DAMAGES**

further denies that Plaintiff was never notified of the policy's termination. Defendant CADENA denies that this lapse violated the duty to protect assets and benefits crucial to plan participants and the Company.

e.      Defendant CADENA denies the replacement of qualified HR and security staff with loyalists was purportedly done to avoid oversight. Defendant CADENA further denies these personnel decisions were designed to circumvent fiduciary checks and balances, violating the duty of produced under ERISA § 404.

f.      Defendant CADENA denies that Defendant CADENA, acting as a fiduciary under ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), breached his duties of loyalty and prudence by orchestrating and maintaining the employment of his spouse under false pretenses, including knowingly designating her as an employee with access to USCB's payroll and ERISA-covered benefit plans despite her lack of actual duties or system access. Defendant CADENA further denies that this arrangement diverted corporate and plan assets to an ineligible individual, constituting a misuse of plan assets in violation of ERISA § 404(a)(1)(A)-(B), 29 U.S.C. § 1104(a)(1)(A)-(B), and prohibited transactions under ERISA § 406, 29 U.S.C. § 1106, USCB, as the plan sponsor and fiduciary, further breached its oversight duties by knowingly permitting this scheme and concealing it from participants and regulators. Plaintiff's efforts to raise questions about this misconduct and to cooperate with the U.S. Department of Labor triggered retaliation, including his wrongful termination, in violation of ERISA § 510, 29 U.S.C. § 1140.

79.     Defendant CADENA denies that as a direct result of these alleged breaches of fiduciary duty, the Plaintiff suffered significant harm, which included the loss of vested benefits, including Phantom Shares and SARS, loss of life insurance coverage under the Key Man policy, loss of career reputation, retirement value, and income linked to the mismanagement of ERISA-covered plans, and emotional distress and reputational harm, resulting from the retaliatory actions taken in response to his inquires and disclosures.

80.     Defendant CADENA denies that pursuant to 29 U.S.C. § 1109, Defendant CADENA is liable for all losses to the plan resulting from its breaches of fiduciary duty and must make good to the plan all losses resulting from Defendant CADENAs' breaches of fiduciary duty, to restore any profits Defendant CADENAs made through the use of Plan assets, and to otherwise

provide such equitable and remedial relief as the Court deems appropriate on behalf of the Plan
and its participants.

## THIRD CAUSE OF ACTION

### Violation of California Labor Code§ 1102.5 – Whistleblower Retaliation

81.    Defendant CADENA does not admit or deny this statement.

82.    Defendant CADENA admits that Plaintiff was an employee of Defendant
CADENA USCB within the meaning of California Labor Code § 1102.5, and Defendant
CADENA was an officer, director, and managing agent of USCB.

83.    Defendant CADENA admits this is the correct statement of the law.

84.    Defendant CADENA denies that Plaintiff disclosed and refused to participate in
unlawful practices including:

   a. Defendant CADENA denies that the creation and maintenance of the Ghost
      Employee on payroll, which constituted fraud, misuse of corporate payroll funds,
      and violation of State and federal criminal law.

   b. Defendant CADENA denies that there were payroll irregularities involving
      undisclosed executive compensation and bonuses, which violated California wage
      and labor laws as well as federal fraud statutes.

   c. Defendant CADENA denies that there was misuse of corporate resources and
      insurance funds, including false reporting of executive perks.

   d. Defendant CADENA denies that there was systemic retaliation against employees
      who reported misconduct, including constructive discharge of executives who
      raised compliance concerns.

85.    Defendant CADENA denies that Plaintiff further engaged in protected activity
under California Labor Code § 1102.5 by cooperating with investigators from the United States
Department of Labor and the Federal Bureau of Investigation regarding suspected payroll fraud,
corporate mismanagement, and financial misconduct.

86.    Defendant CADENA denies that Defendant CADENA knew Plaintiff's protected
activities. Defendant CADENA further denies that during Plaintiff's termination meeting on April
4, 2024, Defendant CADENA questioned why Plaintiff had not immediately notified him about
the Federal Law Enforcement Agents' visit to his home.

**DEFENDANT ALBERT CADENA'S ANSWER TO PLAINTIFF TIGRAN 'THEO' NERSEYAN'S
COMPLAINT FOR DAMAGES**

87.     Defendant CADENA denies that shortly after Plaintiff's disclosures and cooperation with regulators, Defendant CADENAs retaliated by abruptly terminating Plaintiff under the false pretense that his position was "eliminated." Defendant CADENA further denies that this adverse employment action occurred less than four months after Plaintiff's confidential meeting with the DOL and mere weeks after the Federal Law Enforcement Agencies' investigative contact.

88.     Defendant CADENA denies that the stated reason for termination was pretextual. Defendant CADENA further denies that Plaintiff's role was critical to the ongoing "Digital First" compliance initiative, and just one day before his termination, CADENA praised Plaintiff's contributions to resolving major compliance issues. Defendant CADENA objects to this statement as it is speculative, a legal conclusion, and calls for a legal argument.

89.     Defendant CADENA denies that Defendant CADENA's conduct violated California Labor Code 1102.5, as Plaintiff's termination was not motivated by his protected disclosures and cooperation with regulators. Defendant CADENA objects to this statement as it is speculative, a legal conclusion, and calls for a legal argument.

90.     Defendant CADENA denies that as a direct and proximate result of Defendant CADENAs' unlawful conduct, Plaintiff has suffered substantial damages, including loss of wages, benefits, equity compensation, future earning capacity, severe emotional distress, reputational harm, and loss of career opportunities. Defendant CADENA objects to this statement as it is speculative, a legal conclusion, and calls for a legal argument.

91.     Defendant CADENA denies that Plaintiff is entitled to recover compensatory damages, punitive damages, and reasonable attorney's fees and costs, pursuant to California Labor Code 1102.5. Defendant CADENA objects to this statement as it is speculative, a legal conclusion, and calls for a legal argument.

### **FOURTH CAUSE OF ACTION**

### **Wrongful Termination in Violation of Public Policy**

92.     Defendant CADENA does not admit or deny this statement.

**DEFENDANT ALBERT CADENA'S ANSWER TO PLAINTIFF TIGRAN 'THEO' NERSEYAN'S COMPLAINT FOR DAMAGES**

93.    Defendant CADENA denies that Plaintiff's employment was terminated in retaliation for engaging in protected activities that are fundamental public policy, including the right to report violations of law and corporate fraud of law enforcement and regulatory agencies; the right to cooperate with government investigations; the right to refuse participation in unlawful conduct; and the protection of employees from retaliation for disclosing violations of state and federal statutes, including California Labor Code 1102.5, California Assembly Bill 1020 (AB 1020), federal fraud statutes (18 U.S.C. 1341, 1343), and other laws of general application.

94.    Defendant CADENA does not have sufficient information to admit or deny whether Plaintiff was actively cooperating with the U.S. Department of Labor's audit into corporate practices and was participating in a federal law enforcement investigation's inquiry into suspected payroll fraud. Defendant CADENA admits that a Department of Labor audit notice had been issued to USCB by July 21, 2023. Defendant CADENA does not have sufficient information to admit or deny whether Plaintiff was also contacted by federal law enforcement agents, who visited his residence on February 15, 2024 in connection with suspected payroll and benefit fraud committed by high-level employees of USCB. Defendant CADENA denies that Plaintiff was interrogated about the visits by CADENA during meetings in which Plaintiff's employment was abruptly terminated, rather than being supported or protected when the visits were disclosed.

95.    Defendant CADENA admits that Plaintiff was terminated during an in-person meeting with CADENA and USCB's HR Director on April 4, 2024. Defendant CADENA denies that Plaintiff was advised his executive level position was being "eliminated," despite there being no reduction in need for his services (a Digital First project which the Plaintiff implements had just entered Phase 2), the Company retained non-critical director-level roles post-termination, and Plaintiff's duties were quickly reassigned rather than eliminated, consistent with USCB's patterns of concealing terminations as restructuring.

96.    Defendant CADENA denies that a new organizational chart was issued that same day, without notice, omitting Plaintiff and another executive known to have also cooperated with the federal agencies' inquiries about USCB leadership, indicating premediated targeting of individuals aligned with internal whistleblower efforts or who cooperated with federal law enforcement inquires.

97.    Defendant CADENA denies that Plaintiff's termination was part of a larger campaign to suppress internal dissent and silence those perceived as disloyal or cooperative with federal authorities. Defendant CADENA also denies that USCB further manipulated critical

business roles to shield those who demonstrated unquestioned loyalty to USCB's leadership, despite their lack of experience, and other highly qualified employees were demoted without cause.

98.    Defendant CADENA denies that as a direct and proximate result of Defendant CADENAs' unlawful conduct, Plaintiff has suffered damages including lost employment opportunities, a reliable source of income, loss of future compensation, reputational damage, emotional distress, and diminished future employability.

99.    Defendant CADENA objects to the allegation of oppressive and malicious conduct as a legal conclusion.

## FIFTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

100.    Defendant CADENA does not admit or deny this statement.

101.    Defendant CADENA denies that Defendant CADENAs engaged in outrageous conduct towards Plaintiff with the intention to cause, or with reckless disregard for the probability of causing, Plaintiff to suffer severe emotional distress and with wanton and reckless disregard for the injurious result to Plaintiff, as set forth hereinabove. Defendant CADENA denies that the conduct set forth in the Complaint was extreme and outrageous, and an abuse of authority and position as required of Defendant CADENA.

      a.  Defendant CADENA does not have sufficient information to admit or deny whether CADENA repeatedly assured Plaintiff that he would succeed him as President of USCB. Defendant CADENA does not have sufficient information to admit or deny that these promises were made during key events such as Plaintiff's Live Scan background checks and designation as a corporate principal for state licensing purposes. Does not have sufficient information to admit or deny whether Plaintiff was informed that he was "essential" to the Company's future, as evidence by the issuance of a Key Man Life Insurance policy and the receipt of significant executive benefits, including BeniComp, SARS, and Phantom. Defendant CADENA admits that Plaintiff was terminated on April 4, 2024. Defendant CADENA does not have sufficient information to admit or deny whether Plaintiff's termination was without warning, valid cause, or prior performance concerns, just one day after CADENA praised his work on a major strategic initiative.

      b.  Defendant CADENA does not have sufficient information to admit or deny whether federal law enforcement agents conducted a visit to the Plaintiff's residence in

**DEFENDANT ALBERT CADENA'S ANSWER TO PLAINTIFF TIGRAN 'THEO' NERSEYAN'S COMPLAINT FOR DAMAGES**

connection with an ongoing investigation into alleged misconduct by USCB executives. Defendant CADENA denies that Defendant CADENAs intervened in a retaliatory manner, instead of providing the necessary support and protection for his cooperation after the visit was disclosed to USBC's executive. Defendant CADENA does not have sufficient information to admit or deny whether during Plaintiff's exit meeting, he was questioned regarding his failure to promptly disclose contact with the federal law enforcement agents. Defendant CADENA denies that this response from Defendant CADENA, specifically CADENA and USCB's Human Resources Director, further intensified the Plaintiff's feelings of fear, anxiety, and distress, particularly given Plaintiff's alleged crucial role as a key witness in a federal investigation.

c. Defendant CADENA admits that Plaintiff received numerous awards, including Employee of the Year and multiple "Above and Beyond" recognition awards. Defendant CADENA denies that Plaintiff's career was destroyed in a matter of minutes with no forewarning, and his long-earned equity compensation was forfeited. Defendant CADENA denies that upon being terminated, the Plaintiff was required to pack his own belongings while being monitored and was asked to leave the premises under the false pretense that his role had been "eliminated," when in fact his responsibilities were reassigned to others.

102. Defendant CADENA denies that the conduct described above, among many others, was either intended to cause severe emotional distress or was carried out with a conscious disregard for the likelihood of causing such distress. Defendant CADENA denies that this behavior went beyond the inherent risks of employment and was not the type of conduct typically expected from an employer. Defendant CADENA objects to this statement as it is speculative, a legal conclusion, and calls for a legal argument.

103. Defendant CADENA denies that as a direct and proximate result of Defendant CADENAs' unlawful conduct, Plaintiff has sustained and continues to sustain pain and suffering, extreme and severe mental anguish, and emotional distress. Defendant CADENA does not have sufficient information to admit or deny whether Plaintiff has incurred and will continue to incur medical expenses for treatment and continues to suffer a loss of earnings and other employment benefits. Defendant CADENA denies that Plaintiff is thereby entitled to general and compensatory

**DEFENDANT ALBERT CADENA'S ANSWER TO PLAINTIFF TIGRAN 'THEO' NERSEYAN'S COMPLAINT FOR DAMAGES**

damages in amounts to be proven at trial. Defendant CADENA objects to this statement as it is speculative, a legal conclusion, and calls for a legal argument.

104.    Defendant CADENA denies that USCB and its managing agents, managers, officers, and/or directors committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice or oppression, and in conscious disregard of Plaintiff's rights. Defendant CADENA objects to this statement as it is speculative, a legal conclusion, and calls for a legal argument.

**FIRST AFFIRMATIVE DEFENSE**

**(Arbitration)**

105.    Defendant CADENA is informed and believes, and based thereon alleges, Plaintiff's claims are subject to a valid and enforceable arbitration agreement, of which Plaintiff voluntarily entered and in connection with his USCB employment. Pursuant to the terms of the arbitration agreement, all disputes arising out of or relating to Plaintiff's employment, including but not limited to the claims set forth in the Complaint, are required to be resolved through binding arbitration. By continuing his employment with Defendant CADENA, and after agreeing to participate in the company mandatory arbitration agreement as recently as May 18, 2020 as referenced in Plaintiff's Employee Handbook & Arbitration Acknowledgement (the "Arbitration Agreement"), Plaintiff has waived his right to pursue these claims in a court of a law and is bound to submit what workplace disputes he may have to arbitration, as set forth and elaborated more fully in the Arbitration Agreement.  Defendant CADENA reserves all rights to compel arbitration.

**SECOND AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

106.    Defendant CADENA is informed and believes, and based thereon alleges, Plaintiff has failed to mitigate his alleged damages, including but not limited to failing to take reasonable steps to seek alternative employment or other post-USCB employment benefits.

**THIRD AFFIRMATIVE DEFENSE**

**(Business Necessity)**

107.    Defendant CADENA is informed and believes, and based thereon alleges, any actions taken with respect to Plaintiff's employment, including but not limited to the alleged conduct described in the Complaint, were taken in good faith and for legitimate business reasons based on business necessity. Any employer adverse employment action at issue in the Complaint

were actions made in the ordinary course of business and were necessary for the operational needs, efficiency, and financial visibility of USCB's company business.

### FOURTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

108.    Defendant CADENA is informed and believes, and based thereon alleges, Plaintiff is not entitled to punitive damages because Defendant CADENA did not commit any alleged oppressive, fraudulent, or malicious actions; authorized or ratified any such acts; had advance knowledge of the unfitness, if any, of the employee or employees, if any, who allegedly committed such acts; or employed any such employee or employees with a conscious disregard of the rights or safety of others.

### FIFTH AFFIRMATIVE DEFENSE

### (At-Will)

109.    Defendant CADENA is informed and believes, and based thereon alleges, Plaintiff was an at-will employee and could be separated from the Company for any reason, with or without cause, and Plaintiff's separation does not violate Plaintiff's employee rights.

### SIXTH AFFIRMATIVE DEFENSE

### (No Damages for Emotional Distress)

110.    Defendant CADENA is informed and believes, and based thereon alleges, Plaintiff should not receive damages for emotional distress as he is unable to allege special economic damages.

### SEVENTH AFFIRMATIVE DEFENSE

### (No Damages for Common Law Claims)

111.    Defendant CADENA is informed and believes, and based thereon alleges, Plaintiff has failed to assert a common law claim for intentional infliction of emotional distress and should not receive damages for emotional distress as he is unable to allege special economic damages

### EIGHTH AFFIRMATIVE DEFENSE

### (Unclean Hands/Latches)

112.    Defendant CADENA is informed and believes, and based thereon alleges, Plaintiff should not receive damages for any acts or conduct in which he has personally engaged in misconduct, negligence, or other violations of law and based on laws that preclude plaintiffs from recovering when they have unclean hands.

### NINTH AFFIRMATIVE DEFENSE

**(Right to Amend Answer)**

113.    Defendant CADENA reserves CADENA's right to amend hisAnswer, including the right to assert additional affirmative defenses, after pleading and discovery, and in preparation for trial.

### PRAYER FOR RELIEF

**WHEREIN**, having fully answer the Complaint of Tigran "Theo" Nersesyan, Defendant CADENA USBA Inc. prays for judgment as follows:

1.  That Plaintiff take nothing by virtue of his Complaint against Defendant CADENA;

2.  That the Complaint against Defendant CADENA be dismissed with prejudice;

3.  That Plaintiff's request for declaratory and injunctive relief is denied;

4.  That Defendant CADENA be awarded CADENA's attorneys' fees and costs for this lawsuit; and

5.  For such further relief the Court deems just and proper.

### DEMAND FOR JURY TRIAL

COMES NOW, Defendant CADENA, an individual, AND DEMANDS A TRIAL BY JURY.

Dated: October 14, 2025                    **LYDECKER LLP**


By: _____
Christopher Campbell
Crystal Miller-O'Brien
Tolu Sojobi
*Attorneys for Defendant ALBERT CADENA*

**DEFENDANT ALBERT CADENA'S ANSWER TO PLAINTIFF TIGRAN 'THEO' NERSEYAN'S COMPLAINT FOR DAMAGES**

## **PROOF OF SERVICE**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

*Tigran 'Theo' Nersesyan, an individual*

*v.*

*USCB, Inc., et al.*

*Case No. 2:25cv-086887*

I, Sherly Sandoval, am employed in Los Angeles County, California. I am over the age of 18 years and not a party to the within action. My business address is 523 W. 6th Street, Suite 716, Los Angeles, CA 90014, (213) 226-7068.

On October 14, 2025, I caused to be served the following document(s): as follows:

**DEFENDANT ALBERT CADENA'S ANSWER TO PLAINTIFF TIGRAN 'THEO' NERSEYAN'S COMPLAINT FOR RETALIATION, BREACH OF FIDUCIAY DUTY, VIOLATING CALIFORNIA LABOR CODE § 1102.5, WRONGFUL TERMINATION, AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**BY ELECTRONIC SERVICE:** I caused said document(s) to be transmitted by electronic mail via the email address ssandoval@lydecker.com. The name(s) and email address(es) of the person(s) served are set forth in the service list. The document was transmitted without error. I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.

I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct. Executed on October 14, 2025, at Los Angeles, California.

＿＿_/s/ Sherly Sandoval_＿＿＿
Sherly Sandoval

1

## <u>SERVICE LIST</u>

2

UNITED STATES DISTRICT COURT

3

CENTRAL DISTRICT OF CALIFORNIA

4

*Tigran 'Theo' Nersesyan, an individual*

5

*v.*

6

*USCB, Inc., et al.*

7

*Case No. 2:25cv-086887*

8

9
10
11
12

LEODIS C. MATTHEWS
E-mail: LeodisMatthews@ZhongLun.com
ANGELICA CHOPURYAN
E-mail: AChopuryan@ZhongLun.com
**ZHONG LUN LAW FIRM LLP**
4322 Wilshire Blvd., Suite 200
Los Angeles, California 90010

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DEFENDANT CADENA ALBERT CADENA'S ANSWER TO PLAINTIFF TIGRAN 'THEO' NERSEYAN'S COMPLAINT FOR DAMAGES**