Christopher Campbell, Esq. (SBN 309234)
Crystal Miller-O'Brien (SBN 224605)
Javkhlan Enkhbayar (SBN 327764)
**LYDECKER LLP**
523 W. 6th St, Suite 716
Los Angeles, CA 90014
Telephone:  (213) 226-7068
Facsimile:  (213) 293-4425
ccampbell@lydecker.com
cmiller@lydecker.com
jenkhbayar@lydecker.com

Attorneys for Defendant
USCB, Inc.

LEODIS C. MATTHEWS (SBN 109064)
E-mail: LeodisMatthews@ZhongLun.com
ANGELICA CHOPURYAN (SBN 311205)
E-mail: AChopuryan@ZhongLun.com
**ZHONG LUN LAW FIRM LLP**
4322 Wilshire Blvd., Suite 200
Los Angeles, California 90010
Telephone: (323) 930-5690
Facsimile: (323) 930-5693

Attorneys for Plaintiff
Tigran "Theo" Nersesyan

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA WESTERN DIVISION

| | |
|---|---|
| TIGRAN 'THEO' NERSEYAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>USCB, INC., California corporation dba USCB AMERICA; ALBERT CADENA, an individual; and DOES 1-100, INCLUSIVE<br><br>Defendant. | Case No: 2:25-cv-08687<br><br>**JOINT RULE 26(f) REPORT**<br><br>Complaint Filed:  September 22, 2025 |

Pursuant to Federal Rule of Civil Procedure 26, Local Rule 26 and this Court's Standing Order Plaintiff TIGRAN "THEO" NERSESYAN ("Plaintiff") and Defendants USCB, Inc., and Albert Cadena, an individual ("Defendants") jointly submit this Rule 26(f) Report.

## I. STATEMENT OF THE CASE

### A. Plaintiff's Description of the Case

This is a federal whistleblower, violations of ERISA, retaliation action and wrongful termination arising from Plaintiff's termination after he cooperated with the U.S. Department of Labor ("DOL") during its 2023–2024 audit investigation of Defendant USCB, Inc.'s Employee Stock Ownership Plan ("ESOP").

Plaintiff alleges (1) retaliation in violation of ERISA § 510 (29 U.S.C. § 1140); (2) breach of fiduciary duty under ERISA §§ 404 and 409 (29 U.S.C. §§ 1104, 1109); (3) whistleblower retaliation under California Labor Code § 1102.5; (4) wrongful termination in violation of public policy; and (5) intentional infliction of emotional distress.

Plaintiff contends that USCB and its CEO, Defendant Albert Cadena, retaliated against him for disclosing and cooperating with federal investigators concerning the misuse of ESOP and corporate funds, including the long-term employment of a "ghost employee".

### B. Defendants' Description of the Case

Defendant USCB, Inc., a California corporation dba USCB America, is nationally recognized as a provider of revenue cycle management and bad debt collection for healthcare organizations and Defendant Albert Cadena, an individual and resident of California, deny Plaintiff's claims as asserted in the Complaint. Defendants, and each of them, acknowledge Plaintiff worked for USCB, Inc. since 1998 and last held the title of Vice President and Chief Information Officer, reporting up to Defendant Albert Cadena, the Chief Executive Officer for USCB, when Plaintiff was laid off from USCB in December 2024.

In 2024, however, USCB had a number of matters it was addressing in its evolution from a small local business to its ascent as a nationwide corporation with multiple business locations. Apart from the 2023 through 2024 audit of USCB's relatively new employee stock option plan, USCB was also entertaining the idea of selling its business. For this reason, USCB and Cadena

worked closely with outside business consultants to evaluate how each of USCB's operations teams were managing resources. When USCB's review of how its information technology teams, among other departments, were operating with duplicative and overlapping roles, USCB determined that a business restructuring was required. This restructuring resulted in Plaintiff's layoff.

USCB and Cadena deny that Plaintiff's layoff was personal or that it was unlawfully motivated. Plaintiff's allegations demonstrate a deep misunderstanding of how USCB operates and this lawsuit posits before this Court colorful theories of what is a simple Labor Code 1102.5 whistleblower retaliation claim. The claims asserted lack merit and Defendant USCB and Cadena reassert the affirmative defenses set forth in its/their Answer, and reserve all right to move the court to compel arbitration of Plaintiff's workplace dispute and based on Plaintiff's pre-dispute agreement to binding arbitration as demonstrated by Plaintiff's Employee Handbook Acknowledgement and Arbitration Agreement, which Defendants have good cause to believe have been signed and acknowledged by Plaintiff.

## II.   SUBJECT MATTER JURISDICTION

Plaintiff filed this case in the Western Division of the Central District of California on September 1, 2025, bringing causes of action for: (1) Retaliation in Violation of ERISA; (2) Breach of Fiduciary Duty in Violation of ERISA; (3) California Labor Code § 1102.5; (4) Wrongful Termination in Violation of Public Policy; and (5) Intentional Infliction of Emotional Distress. Plaintiff is also claiming punitive damages against Defendant. Plaintiff's Summons and Complaint were subsequently served on Defendant.

The Court has subject matter jurisdiction because this civil action pursuant to 29 U.S.C. §1132(e)(1) and (f), provides that the Court has exclusive jurisdiction over actions brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 et seq.

The Court also has supplemental jurisdiction over Plaintiff's state law pursuant to 28 U.S.C. §1367(a) because those claims are so related to the federal claims under ERISA that they form part of the same case or controversy under Article III of the United States Constitution.

**JOINT RULE 26(f) REPORT**
3

### III. LEGAL ISSUES

Parties have met and conferred and agree the following material legal issues exist: (1) whether Defendants, and each of them, retaliated against Plaintiff in violation of ERISA; (2) whether Defendants breached fiduciary duties in violation of ERISA; (3) whether Defendants retaliated against Plaintiff in violation of California Labor Code §1102.5; (4) whether Defendants wrongfully terminated Plaintiff in violation of Public Policy; and (5) whether Defendants intentionally inflicted emotion distress on Plaintiff. The Parties do not anticipate any unusual substantive, procedural, or evidentiary issues at this time.

### IV. PARTIES, EVIDENCE, ETC.

#### A. The Parties

The proper parties are currently before this Court, and the Parties do not believe the addition of any other parties is likely.

#### B. The Evidence: Plaintiff's Position

Plaintiff expects to prove his claims through documentary, testimonial, and expert evidence, including but not limited to the following: Employment records, performance evaluations, and termination correspondence from USCB, Inc. reflecting Plaintiff's job duties, achievements, and the circumstances of his discharge; Internal emails, text messages, and electronic communications between Defendants and other executives concerning Plaintiff, his cooperation with the U.S. Department of Labor (EBSA), and the decision to terminate his employment; Corporate records, ESOP plan documents, fiduciary meeting minutes, and compensation data demonstrating misuse or mismanagement of plan assets; Communications and reports provided to or from the DOL during its investigation of the ESOP; Financial and payroll records showing compensation paid to insiders and family members allegedly not performing legitimate work; Insurance and benefit documents, including life insurance and executive benefit plan records reflecting losses to Plaintiff as a result of his termination.

Plaintiff also intends to refer to witness and expert testimony, including but not limited to: testimony from Plaintiff describing his protected activity, disclosures to federal investigators, and the events leading to his termination; testimony from current and former USCB executives, HR

personnel, and board members concerning the stated reasons for Plaintiff's termination and Defendants' knowledge of his protected activity; testimony from Department of Labor representatives and other third parties familiar with the ESOP investigation; testimony from Defendant Albert Cadena regarding his decision-making, fiduciary role, and communications concerning Plaintiff and the DOL audit; expert testimony on economic damages quantifying back pay, front pay, and lost ESOP value; expert analysis of ESOP administration, fiduciary compliance, and valuation of plan assets to establish breaches of fiduciary duty under ERISA §§ 404 and 409; and psychological or vocational expert testimony to address emotional distress.

Plaintiff anticipates that the evidence will show Defendants terminated him in retaliation for engaging in protected activity, misrepresented the basis for his termination, and caused significant economic and non-economic harm.

### C. The Evidence: Defendants' Position

In addition to the evidence stated above by Plaintiff, Defendants, and each of them, will discover and develop evidence critical to defending Plaintiff's claims as follows, but not limited to the following: (1) Plaintiff's employment records with any relevant past or current employer relevant to and leading up to the filing of this action; (2) Plaintiff's job search records; (3) Plaintiff's receipt of any wage supplements of which Defendant may be entitled to credit; (4) any communications between Plaintiff and relevant former colleagues of Plaintiff regarding the underlying wrongful termination and retaliation claims; and (5) all records of communications between Plaintiff and USCB in connection with workplace policies and practices involving pre-dispute arbitration, participation in employer-sponsored stock option plans.

### D. DAMAGES

### A. Plaintiff's Statement

Plaintiff seeks compensatory, equitable, and statutory relief exceeding $7 million, exclusive of attorneys' fees and punitive damages. The damages include lost wages, front pay, lost-future earning capacity, and forfeited ESOP benefits resulting from his retaliatory termination; emotional distress and reputational harm; statutory and civil penalties under ERISA and California Labor Code § 1102.5; equitable restitution of retirement and plan benefits; and punitive damages.

Plaintiff will also seek recovery of attorneys' fees, costs, and prejudgment interest pursuant to ERISA § 502(g) and Labor Code § 1102.5(j). It is anticipated that Plaintiff's computation of damages will be based on expert testimony.

### B. Defendants' Statement

Defendants are not currently aware of any damages it has which Defendants seek to recover from Plaintiff.

### E. INSURANCE

#### A. Plaintiff's Statement

Plaintiff does not have any insurance policy that provides coverage in this case.

#### B. Defendants' Statement

Defendant USCB maintains an Employment Practices and Liability insurance policy, however, the policy is subject to a significantly large Self-Insured Retention deductible that essentially requires Defendant USCB to assume all costs to indemnify and defend this matter. Otherwise, Defendants are unaware of any other insurance that would apply to or that could be looked to for satisfying a judgment in this matter.

### F. MOTIONS

#### A. Plaintiff's Statement

Plaintiff anticipates the filing of a motion for partial summary judgment on the issue of liability on one or more of its claims.

#### B. Defendants' Statement

Defendants may file a Motion to Compel Arbitration; Motion for Summary Judgment, Motion to Strike Punitive Award, and/or Motions in Limine.

### G. COMPLEX LITIGATION

The Parties do not anticipate the need for all or part of the procedure of the Manual for Complex Litigation to be utilized. This litigation is not complex.

### H. DISCOVERY

#### A. Status Discovery

Discovery has not yet commenced, and the parties have not yet exchanged Initial Disclosures.

### B. Discovery Plan

The Parties agree that no changes should be made to the form or requirement for disclosures under Rule (a)(1). The parties agree that discovery shall proceed in accordance with and under the limits of the Federal Rules of Civil Procedure, Federal Rules of Evidence, Local Rules, and the Court's Standing Orders, and do not at this time propose any changes to the limitations on discovery imposed. The Parties, however, reserve the right to stipulate or seek an order from the Court altering the applicable limitations should the need arise. The Parties agree that discovery should not be conducted in phases. The Parties do not anticipate any issues as to the disclosure or discovery of electronic information and will meet and confer as to the form of disclosure if necessary.

The Parties agree that the anticipated methods of future discovery will include: written discovery in the form of Interrogatories, Requests for Admissions, and Requests for Production of Documents; written discovery via issuance of subpoenas to third parties; and oral depositions of Plaintiff, Defendant Albert Cadena, Defendant USCB's employees, and/or "person(s) most knowledgeable" under Rule 30(b)(6), and other relevant witnesses.

See the chart attached as Exhibit A.

### C. Discovery Cut-off

The Parties have agreed on a non-expert discovery cut-off date of December 7, 2026.

See the chart attached as Exhibit A.

### D. Expert Discovery

The Parties have agreed to disclose experts by December 14, 2026; to disclose rebuttal experts on or by December 28, 2027; and complete expert discovery by January 11, 2027.

See the chart attached as Exhibit A.

### E. Discovery Motions

At this early stage, the Parties are not currently aware of any facts, claims, or issues to be determined via a Motion for Summary Judgment or a Motion in Limine at this time.

**JOINT RULE 26(f) REPORT**
7

**F. Settlement Conference/Alternative Dispute Resolution (ADR)**

To date, the Parties have not substantively discussed settlement but are in current discussions that may result in an agreement to participate in early mediation of this matter. The Parties are amenable to requesting a settlement conference with the district judge or magistrate judge assigned to the case, a mediation with a neutral selected from the Court Mediation panel, or a private mediation.

**G. Trial**

   **i. Trial Estimate**

The Parties request a jury trial and expect the trial to last approximately five (5) to seven (7) days.

   **ii. Jury or Court Trial**

Plaintiff has demanded a jury trial on all triable issues.

Defendants request a jury trial.

   **iii. Consent to Trial Before a Magistrate Judge**

Plaintiff does not agree to proceed before a magistrate judge.

Defendants agree to proceed before a magistrate judge.

   **iv. Lead Trial Counsel**

For Plaintiff: Leodis Matthew and Angelica Chopuryan.

For Defendants: Chris Campbell and Crystal Miller-O'Brien.

**H. Independent Expert or Master**

The Parties agree that neither an Independent Expert nor a Master will be needed.

**I. Other Issues**

None.

Dated: November 14, 2025  **LYDECKER LLP**

By: *(signature)* Crystal Miller-O'Brien
Christopher Campbell
Crystal Miller-O'Brien
Javkhlan Enkhbayar
*Attorneys for Defendant CADENA USCB Inc. d/b/a USCB America*

DATED: NOVEMBER 14, 2025  **ZHONG LUN LAW FIRM LLP**

By: *(signature)*

Leodis Matthews, Esq.
Angelica Chopuryan, Esq.
Attorneys for Plaintiff
Tigran "Theo" Nersesyan

# Exhibit A
## Schedule of Pretrial and Trial Dates Worksheet
**Case No.**: 2:25-cv-08687

**Case Name**: *Tigran "Theo" Nersesyan v. USCB, Inc., et al.*

| Trial and Final Pretrial Conference Dates | Timing | Pl's Date mm/dd/yyyy | Def(s)' Date mm/dd/yyyy | Court Order mm/dd/yyyy |
|---|---|---|---|---|
| Trial | Within 18 months after Complaint | Monday, 5/24/2027 (Jury Trial, 7 days) | Monday, 5/24/2027 (Jury Trial, 7 days) | |
| Final Pretrial Conference ("FPTC") | 21 days before trial | 5/03/2027 | 5/03/2027 | |
| Hearing on Motions In Limine | 28 days before trial | 4/26/2027 | 4/26/2027 | |
| **Event** | **Weeks After Scheduling Conference** | **Pl's Date mm/dd/yyyy** | **Def(s)' Date mm/dd/yyyy** | **Court Order mm/dd/yyyy** |
| Last Date to Hear Motion to Amend Pleadings/Add Parties | 6 | 1/16/2026 | 1/16/2026 | |
| **Event** | **Weeks Before FPTC** | **Pl's Date mm/dd/yyyy** | **Def(s)' Date mm/dd/yyyy** | **Court Order mm/dd/yyyy** |
| Fact Discovery Cut-Off | 22 | 12/07/2026 | 12/07/2026 | |
| Expert Disclosure (Initial) | 21 | 12/14/2026 | 12/14/2026 | |
| Expert Disclosure (Rebuttal) | 19 | 12/28/2026 | 12/28/2026 | |
| Expert Discovery Cut-Off | 17 | 1/11/2027 | 1/11/2027 | |
| Last Date to Hear Motions | 11 | 2/22/2027 | 2/22/2027 | |
| Deadline to Complete Settlement Conference | 6 | 4/19/2027 | 4/19/2027 (Def is willing to request: 1. Magistrate Judge; 2. Court's Mediation Panel; or 3. Private Mediation.) | |
| Trial Filings (1st) | 4 | 4/26/2027 | 4/26/2027 | |
| Trial Filings (2nd) | 2 | 5/10/2027 | 5/10/2027 | |

# PROOF OF SERVICE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

*Tigran "Theo" Nersesyan, an individual*

*v.*

*USCB, Inc., et al.*

Case No. 2:25cv-086887

I, Sherly Sandoval, am employed in Los Angeles County, California. I am over the age of 18 years and not a party to the within action. My business address is 523 W. 6th Street, Suite 716, Los Angeles, CA 90014, (213) 226-7068.

On November 14, 2025, I caused to be served the following document(s): as follows:

**DEFENDANT ALBERT CADENA'S ANSWER TO PLAINTIFF TIGRAN 'THEO' NERSEYAN'S COMPLAINT FOR RETALIATION, BREACH OF FIDUCIAY DUTY, VIOLATING CALIFORNIA LABOR CODE § 1102.5, WRONGFUL TERMINATION, AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**BY ELECTRONIC SERVICE:** I caused said document(s) to be transmitted by electronic mail via the email address ssandoval@lydecker.com. The name(s) and email address(es) of the person(s) served are set forth in the service list. The document was transmitted without error. I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.

I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct. Executed on November 14, 2025, at Los Angeles, California.

   /s/ Sherly Sandoval
   Sherly Sandoval

**SERVICE LIST**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

*Tigran 'Theo' Nersesyan, an individual*

*v.*

*USCB, Inc., et al.*

*Case No. 2:25cv-086887*

LEODIS C. MATTHEWS
E-mail: LeodisMatthews@ZhongLun.com
ANGELICA CHOPURYAN
E-mail: AChopuryan@ZhongLun.com
**ZHONG LUN LAW FIRM LLP**
4322 Wilshire Blvd., Suite 200
Los Angeles, California 90010