1  Christopher Campbell, Esq. (SBN 309234)
   Crystal Miller-O'Brien (SBN 224605)
2  Javkhlan Enkhbayar (SBN 327764)
3  **LYDECKER LLP**
   523 W. 6th St, Suite 716
4  Los Angeles, CA 90014
   Telephone:   (213) 226-7068
5  Facsimile:    (213) 293-4425
   ccampbell@lydecker.com
6  cmiller@lydecker.com
   jenkhbayar@lydecker.com
7

8  Attorneys for Defendant
   USCB, Inc.
9

10 LEODIS C. MATTHEWS (SBN 109064)
   E-mail: LeodisMatthews@ZhongLun.com
11 ANGELICA CHOPURYAN (SBN 311205)
   E-mail: AChopuryan@ZhongLun.com
12 **ZHONG LUN LAW FIRM LLP**
   4322 Wilshire Blvd., Suite 200
13 Los Angeles, California 90010
   Telephone: (323) 930-5690
14 Facsimile: (323) 930-5693

15 Attorneys for Plaintiff
16 Tigran "Theo" Nersesyan

17
                IN THE UNITED STATES DISTRICT COURT
18     FOR THE CENTRAL DISTRICT OF CALIFORNIA WESTERN DIVISION

19 | TIGRAN 'THEO' NERSEYAN, an | Case No: 2:25-cv-08687 |
20 | individual, | |
   | | |
21 | Plaintiff, | |
   | | **JOINT RULE 26(f) REPORT** |
22 | v. | |
   | | Complaint Filed:  September 22, 2025 |
23 | USCB, INC., California corporation dba | |
24 | USCB AMERICA; ALBERT CADENA, an individual; and DOES 1-100, INCLUSIVE | |
25 | | |
26 | Defendant. | |
27
28

                    **JOINT RULE 26(f) REPORT**
                              1

1    Pursuant to Federal Rule of Civil Procedure 26, Local Rule 26 and this Court's Standing

2 Order Plaintiff TIGRAN "THEO" NERSESYAN ("Plaintiff") and Defendants USCB, Inc., and

3 Albert Cadena, an individual ("Defendants") jointly submit this Rule 26(f) Report.

4    **I.    STATEMENT OF THE CASE**

5    **A.  Plaintiff's Description of the Case**

6    This is a federal whistleblower, violations of ERISA, retaliation action and wrongful

7 termination arising from Plaintiff's termination after he cooperated with the U.S. Department of

8 Labor ("DOL") during its 2023–2024 audit investigation of Defendant USCB, Inc.'s Employee

9 Stock Ownership Plan ("ESOP").

10    Plaintiff alleges (1) retaliation in violation of ERISA § 510 (29 U.S.C. § 1140); (2) breach

11 of fiduciary duty under ERISA §§ 404 and 409 (29 U.S.C. §§ 1104, 1109); (3) whistleblower

12 retaliation under California Labor Code § 1102.5; (4) wrongful termination in violation of public

13 policy; and (5) intentional infliction of emotional distress.

14    Plaintiff contends that USCB and its CEO, Defendant Albert Cadena, retaliated against

15 him for disclosing and cooperating with federal investigators concerning the misuse of ESOP and

16 corporate funds, including the long-term employment of a "ghost employee".

17    **B.  Defendants' Description of the Case**

18    Defendant USCB, Inc., a California corporation dba USCB America, is nationally

19 recognized as a provider of revenue cycle management and bad debt collection for healthcare

20 organizations and Defendant Albert Cadena, an individual and resident of California, deny

21 Plaintiff's claims as asserted in the Complaint. Defendants, and each of them, acknowledge

22 Plaintiff worked for USCB, Inc. since 1998 and last held the title of Vice President and Chief

23 Information Officer, reporting up to Defendant Albert Cadena, the Chief Executive Officer for

24 USCB, when Plaintiff was laid off from USCB in December 2024.

25    In 2024, however, USCB had a number of matters it was addressing in its evolution from

26 a small local business to its ascent as a nationwide corporation with multiple business locations.

27 Apart from the 2023 through 2024 audit of USCB's relatively new employee stock option plan,

28 USCB was also entertaining the idea of selling its business. For this reason, USCB and Cadena

1    worked closely with outside business consultants to evaluate how each of USCB's operations

2    teams were managing resources. When USCB's review of how its information technology teams,

3    among other departments, were operating with duplicative and overlapping roles, USCB

4    determined that a business restructuring was required. This restructuring resulted in Plaintiff's

5    layoff.

6        USCB and Cadena deny that Plaintiff's layoff was personal or that it was unlawfully

7    motivated. Plaintiff's allegations demonstrate a deep misunderstanding of how USCB operates

8    and this lawsuit posits before this Court colorful theories of what is a simple Labor Code 1102.5

9    whistleblower retaliation claim. The claims asserted lack merit and Defendant USCB and Cadena

10   reassert the affirmative defenses set forth in its/their Answer, and reserve all right to move the

11   court to compel arbitration of Plaintiff's workplace dispute and based on Plaintiff's pre-dispute

12   agreement to binding arbitration as demonstrated by Plaintiff's Employee Handbook

13   Acknowledgement and Arbitration Agreement, which Defendants have good cause to believe have

14   been signed and acknowledged by Plaintiff.

15   **II.    SUBJECT MATTER JURISDICTION**

16       Plaintiff filed this case in the Western Division of the Central District of California on

17   September 1, 2025, bringing causes of action for: (1) Retaliation in Violation of ERISA; (2) Breach

18   of Fiduciary Duty in Violation of ERISA; (3) California Labor Code § 1102.5; (4) Wrongful

19   Termination in Violation of Public Policy; and (5) Intentional Infliction of Emotional Distress.

20   Plaintiff is also claiming punitive damages against Defendant. Plaintiff's Summons and Complaint

21   were subsequently served on Defendant.

22       The Court has subject matter jurisdiction because this civil action pursuant to 29 U.S.C.

23   §1132(e)(1) and (f), provides that the Court has exclusive jurisdiction over actions brought under

24   the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 et seq.

25       The Court also has supplemental jurisdiction over Plaintiff's state law pursuant to 28

26   U.S.C. §1367(a) because those claims are so related to the federal claims under ERISA that they

27   form part of the same case or controversy under Article III of the United States Constitution.

28

**JOINT RULE 26(f) REPORT**

1    **III.    LEGAL ISSUES**

2    Parties have met and conferred and agree the following material legal issues exist: (1)

3    whether Defendants, and each of them, retaliated against Plaintiff in violation of ERISA; (2)

4    whether Defendants breached fiduciary duties in violation of ERISA; (3) whether Defendants

5    retaliated against Plaintiff in violation of California Labor Code §1102.5; (4) whether Defendants

6    wrongfully terminated Plaintiff in violation of Public Policy; and (5) whether Defendants

7    intentionally inflicted emotion distress on Plaintiff. The Parties do not anticipate any unusual

8    substantive, procedural, or evidentiary issues at this time.

9    **IV.    PARTIES, EVIDENCE, ETC.**

10    **A. The Parties**

11    The proper parties are currently before this Court, and the Parties do not believe the

12    addition of any other parties is likely.

13    **B. The Evidence: Plaintiff's Position**

14    Plaintiff expects to prove his claims through documentary, testimonial, and expert

15    evidence, including but not limited to the following: Employment records, performance

16    evaluations, and termination correspondence from USCB, Inc. reflecting Plaintiff's job duties,

17    achievements, and the circumstances of his discharge; Internal emails, text messages, and

18    electronic communications between Defendants and other executives concerning Plaintiff, his

19    cooperation with the U.S. Department of Labor (EBSA), and the decision to terminate his

20    employment; Corporate records, ESOP plan documents, fiduciary meeting minutes, and

21    compensation data demonstrating misuse or mismanagement of plan assets; Communications and

22    reports provided to or from the DOL during its investigation of the ESOP; Financial and payroll

23    records showing compensation paid to insiders and family members allegedly not performing

24    legitimate work; Insurance and benefit documents, including life insurance and executive benefit

25    plan records reflecting losses to Plaintiff as a result of his termination.

26    Plaintiff also intends to refer to witness and expert testimony, including but not limited to:

27    testimony from Plaintiff describing his protected activity, disclosures to federal investigators, and

28    the events leading to his termination; testimony from current and former USCB executives, HR

**JOINT RULE 26(f) REPORT**
4

1    personnel, and board members concerning the stated reasons for Plaintiff's termination and

2    Defendants' knowledge of his protected activity; testimony from Department of Labor

3    representatives and other third parties familiar with the ESOP investigation; testimony from

4    Defendant Albert Cadena regarding his decision-making, fiduciary role, and communications

5    concerning Plaintiff and the DOL audit; expert testimony on economic damages quantifying back

6    pay, front pay, and lost ESOP value; expert analysis of ESOP administration, fiduciary

7    compliance, and valuation of plan assets to establish breaches of fiduciary duty under ERISA §§

8    404 and 409; and psychological or vocational expert testimony to address emotional distress.

9         Plaintiff anticipates that the evidence will show Defendants terminated him in retaliation

10    for engaging in protected activity, misrepresented the basis for his termination, and caused

11    significant economic and non-economic harm.

12    **C.  The Evidence: Defendants' Position**

13         In addition to the evidence stated above by Plaintiff, Defendants, and each of them, will

14    discover and develop evidence critical to defending Plaintiff's claims as follows, but not limited

15    to the following: (1) Plaintiff's employment records with any relevant past or current employer

16    relevant to and leading up to the filing of this action; (2) Plaintiff's job search records; (3)

17    Plaintiff's receipt of any wage supplements of which Defendant may be entitled to credit; (4) any

18    communications between Plaintiff and relevant former colleagues of Plaintiff regarding the

19    underlying wrongful termination and retaliation claims; and (5) all records of communications

20    between Plaintiff and USCB in connection with workplace policies and practices involving pre-

21    dispute arbitration, participation in employer-sponsored stock option plans.

22    **D.  DAMAGES**

23    **A.  Plaintiff's Statement**

24         Plaintiff seeks compensatory, equitable, and statutory relief exceeding $7 million, exclusive of

25    attorneys' fees and punitive damages. The damages include lost wages, front pay, lost-future

26    earning capacity, and forfeited ESOP benefits resulting from his retaliatory termination; emotional

27    distress and reputational harm; statutory and civil penalties under ERISA and California Labor

28    Code § 1102.5; equitable restitution of retirement and plan benefits; and punitive damages.

1  Plaintiff will also seek recovery of attorneys' fees, costs, and prejudgment interest pursuant to

2  ERISA § 502(g) and Labor Code § 1102.5(j). It is anticipated that Plaintiff's computation of

3  damages will be based on expert testimony.

4      **B.  Defendants' Statement**

5      Defendants are not currently aware of any damages it has which Defendants seek to recover

6  from Plaintiff.

7      **E.  INSURANCE**

8      **A.  Plaintiff's Statement**

9      Plaintiff does not have any insurance policy that provides coverage in this case.

10      **B.  Defendants' Statement**

11      Defendant USCB maintains an Employment Practices and Liability insurance policy,

12  however, the policy is subject to a significantly large Self-Insured Retention deductible that

13  essentially requires Defendant USCB to assume all costs to indemnify and defend this matter.

14  Otherwise, Defendants are unaware of any other insurance that would apply to or that could be

15  looked to for satisfying a judgment in this matter.

16      **F.  MOTIONS**

17      **A.  Plaintiff's Statement**

18      Plaintiff anticipates the filing of a motion for partial summary judgment on the issue of

19  liability on one or more of its claims.

20      **B.  Defendants' Statement**

21      Defendants may file a Motion to Compel Arbitration; Motion for Summary Judgment,

22  Motion to Strike Punitive Award, and/or Motions in Limine.

23      **G.  COMPLEX LITIGATION**

24      The Parties do not anticipate the need for all or part of the procedure of the Manual for

25  Complex Litigation to be utilized. This litigation is not complex.

26      **H.  DISCOVERY**

27        **A.  Status Discovery**

28

**JOINT RULE 26(f) REPORT**

Discovery has not yet commenced, and the parties have not yet exchanged Initial Disclosures.

### B. Discovery Plan

The Parties agree that no changes should be made to the form or requirement for disclosures under Rule (a)(1). The parties agree that discovery shall proceed in accordance with and under the limits of the Federal Rules of Civil Procedure, Federal Rules of Evidence, Local Rules, and the Court's Standing Orders, and do not at this time propose any changes to the limitations on discovery imposed. The Parties, however, reserve the right to stipulate or seek an order from the Court altering the applicable limitations should the need arise. The Parties agree that discovery should not be conducted in phases. The Parties do not anticipate any issues as to the disclosure or discovery of electronic information and will meet and confer as to the form of disclosure if necessary.

The Parties agree that the anticipated methods of future discovery will include: written discovery in the form of Interrogatories, Requests for Admissions, and Requests for Production of Documents; written discovery via issuance of subpoenas to third parties; and oral depositions of Plaintiff, Defendant Albert Cadena, Defendant USCB's employees, and/or "person(s) most knowledgeable" under Rule 30(b)(6), and other relevant witnesses.

See the chart attached as Exhibit A.

### C. Discovery Cut-off

The Parties have agreed on a non-expert discovery cut-off date of December 7, 2026.

See the chart attached as Exhibit A.

### D. Expert Discovery

The Parties have agreed to disclose experts by December 14, 2026; to disclose rebuttal experts on or by December 28, 2027; and complete expert discovery by January 11, 2027.

See the chart attached as Exhibit A.

### E. Discovery Motions

At this early stage, the Parties are not currently aware of any facts, claims, or issues to be determined via a Motion for Summary Judgment or a Motion in Limine at this time.

**JOINT RULE 26(f) REPORT**

7

### F.  Settlement Conference/Alternative Dispute Resolution (ADR)

To date, the Parties have not substantively discussed settlement but are in current discussions that may result in an agreement to participate in early mediation of this matter. The Parties are amenable to requesting a settlement conference with the district judge or magistrate judge assigned to the case, a mediation with a neutral selected from the Court Mediation panel, or a private mediation.

### G.  Trial

#### i.   Trial Estimate

The Parties request a jury trial and expect the trial to last approximately five (5) to seven (7) days.

#### ii.  Jury or Court Trial

Plaintiff has demanded a jury trial on all triable issues.

Defendants request a jury trial.

#### iii.  Consent to Trial Before a Magistrate Judge

Plaintiff does not agree to proceed before a magistrate judge.

Defendants agree to proceed before a magistrate judge.

#### iv.  Lead Trial Counsel

For Plaintiff: Leodis Matthew and Angelica Chopuryan.

For Defendants: Chris Campbell and Crystal Miller-O'Brien.

### H.  Independent Expert or Master

The Parties agree that neither an Independent Expert nor a Master will be needed.

### I.   Other Issues

None.

1    Dated: November 14, 2025            **LYDECKER LLP**

2

3

4                                      By:_____
                                    Christopher Campbell

5                                     Crystal Miller-O'Brien
                                    Javkhlan Enkhbayar

6                                     *Attorneys for Defendant CADENA*
                                    *USCB Inc. d/b/a USCB America*

7

8    DATED: NOVEMBER 14, 2025       **ZHONG LUN LAW FIRM LLP**

9

10                                     By:_____

11                                     Leodis Matthews, Esq.
                                    Angelica Chopuryan, Esq.

12                                     Attorneys for Plaintiff
                                    Tigran "Theo" Nersesyan

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

**JOINT RULE 26(f) REPORT**
9

1

2

3

**Exhibit A**
**Schedule of Pretrial and Trial Dates Worksheet**
**Case No.**: 2:25-cv-08687

**Case Name**: *Tigran "Theo" Nersesyan v. USCB, Inc., et al.*

| Trial and Final Pretrial Conference Dates | Timing | Pl's Date mm/dd/yyyy | Def(s)' Date mm/dd/yyyy | Court Order mm/dd/yyyy |
|---|---|---|---|---|
| Trial | Within 18 months after Complaint | Monday, 5/24/2027 (Jury Trial, 7 days) | Monday, 5/24/2027 (Jury Trial, 7 days) | |
| Final Pretrial Conference ("FPTC") | 21 days before trial | 5/03/2027 | 5/03/2027 | |
| Hearing on Motions In Limine | 28 days before trial | 4/26/2027 | 4/26/2027 | |
| **Event** | **Weeks After Scheduling Conference** | **Pl's Date mm/dd/yyyy** | **Def(s)' Date mm/dd/yyyy** | **Court Order mm/dd/yyyy** |
| Last Date to Hear Motion to Amend Pleadings/Add Parties | 6 | 1/16/2026 | 1/16/2026 | |
| **Event** | **Weeks Before FPTC** | **Pl's Date mm/dd/yyyy** | **Def(s)' Date mm/dd/yyyy** | **Court Order mm/dd/yyyy** |
| Fact Discovery Cut-Off | 22 | 12/07/2026 | 12/07/2026 | |
| Expert Disclosure (Initial) | 21 | 12/14/2026 | 12/14/2026 | |
| Expert Disclosure (Rebuttal) | 19 | 12/28/2026 | 12/28/2026 | |
| Expert Discovery Cut-Off | 17 | 1/11/2027 | 1/11/2027 | |
| Last Date to Hear Motions | 11 | 2/22/2027 | 2/22/2027 | |
| Deadline to Complete Settlement Conference | 6 | 4/19/2027 | 4/19/2027 (Def is willing to request: 1. Magistrate Judge; 2. Court's Mediation Panel; or 3. Private Mediation.) | |
| Trial Filings (1st) | 4 | 4/26/2027 | 4/26/2027 | |
| Trial Filings (2nd) | 2 | 5/10/2027 | 5/10/2027 | |

**JOINT RULE 26(f) REPORT**
10

**<u>PROOF OF SERVICE</u>**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

*Tigran "Theo" Nersesyan, an individual*

*v.*

*USCB, Inc., et al.*

*Case No. 2:25cv-08687*

I, Sherly Sandoval, am employed in Los Angeles County, California. I am over the age of 18 years and not a party to the within action. My business address is 523 W. 6th Street, Suite 716, Los Angeles, CA 90014, (213) 226-7068.

On November 14, 2025, I caused to be served the following document(s): as follows:

**JOINT RULE 26(f) REPORT**

**BY ELECTRONIC SERVICE:** I caused said document(s) to be transmitted by electronic mail via the email address ssandoval@lydecker.com. The name(s) and email address(es) of the person(s) served are set forth in the service list. The document was transmitted without error. I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.

I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct. Executed on November 14, 2025, at Los Angeles, California.

_/s/ Sherly Sandoval_____
Sherly Sandoval

24
**JOINT RULE 26(f) REPORT**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SERVICE LIST**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

*Tigran 'Theo' Nersesyan, an individual*

*v.*

*USCB, Inc., et al.*

*Case No. 2:25cv-08687*

LEODIS C. MATTHEWS
E-mail: LeodisMatthews@ZhongLun.com
ANGELICA CHOPURYAN
E-mail: AChopuryan@ZhongLun.com
**ZHONG LUN LAW FIRM LLP**
4322 Wilshire Blvd., Suite 200
Los Angeles, California 90010

**JOINT RULE 26(f) REPORT**